ROTZEIN, Appellant, v. MERCHANTS LOAN AND TRUST COMPANY, Respondent.

(207 N. W. 166.)

(File No. 5021. Opinion filed February 8, 1926.)

**Appeal and Error—Jury—Supreme Court's Judgment Not Substituted for Verdict of Jury on Conflicting Facts.**

Supreme Court cannot substitute its judgment on conflicting facts for verdict of jury, where court is unable to say that there is no evidence sufficient to support verdict.

Polley and Dillon, JJ., dissenting.

Appeal from Circuit Court, Pennington County; HON. WALTER G. MISER, Judge.

Action by Albert A. Rotzien against the Merchants' Loan & Trust Company, wherein the Market State Bank of Minneapolis intervened and counterclaimed against plaintiff. From judgment for defendant and intervener and order denying new trial, plaintiff appeals. Modified and affirmed.

*Schrader & Lewis,* of Rapid City, for Appellant.
*Buell, Denu & Philip,* of Rapid City, for Respondents.

CAMPBELL, J. This proceeding was commenced by plaintiff against defendant, Merchants' Loan & Trust Company, for

damages for conversion of plaintiff's half interest in certain live stock arising from an unauthorized sale thereof by defendant. This phase of the case was before the court on a former appeal and will be found reported in 41 S. D. 216, 170 N. W. 128, where the facts are fully set out, and it will be seen that the substantial issue between plaintiff and defendant is whether or not plaintiff and one Fienup were copartners in the live stock in question or were estopped from denying the existence of a partnership relation to such extent that a trust conveyance ot the live stock by Fienup would be binding on plaintiff. The jury on the first trial found for defendant, and the case was reversed by this court on appeal upon the ground that there was no evidence for the jury sufficient to justify the finding necessarily in their verdict for defendant, that plantiff and Fienup were partners. The case being remanded after the former appeal, the Market State Bank of Minneapolis intervened, being the bank which owned the indebtedness purported to be secured by the invalid second chattel mortgage mentioned in the former opinion, and and said intervener counterclaimed against the plaintiff on two promissory notes executed and delivered by plaintiff and Fienup to one Bond at the time of the original purchase of the live stock in question, one note being for $800 and one note being for $1,000, less any credits which might be found properly applicable to said notes by reason of moneys paid over to the intervener by defendant at the time defendant sold the remainder of the live stock in question after foreclosure of the first mortgage pursuant to the trust conveyance for such purpose given to defendant by Fienup  It clearly appears that the notes held by intervener in the aggregate amount of $1,800 were executed by plaintiff and Fienup in Minneapolis as part of the purchase price of the live stock in question and delivered to one Bond. Plaintiff claims, however, the intervener is not a holder of said notes in due course, and that a few days after said notes were executed and delivered to Bond in Minneapolis Bond came to Rapid City, and a new and different arrangement was made by Bond as vendor of the live stock and plaintiff and Fienup as purchasers, in connection with other parties claiming liens on the live stock, as a part of which it was agreed between plaintiff and Fienup on the one side, and Bond on the other, that the two notes aggregating $1,800 previously executed and deliv-

ered in Minneapolis were to be surrendered up and canceled. Intervener admits a subsequent meeting between plaintiff, Fienup, and Bond in Rapid City after the execution and delivery of the notes in Minneapolis, at which time some changes were made in the arrangement for the purchase of the live stock, but denies that such changes in any wise affected the validity of the notes counterclaimed upon, and denies that at such Rapid City meeting there was any agreement whatever to cancel up or surrender said notes, and maintains that the same continued at all times in full force and effect. The case was tried the second time and resulted in a verdict of the jury in favor of defendant and against the plaintiff on the notes involved in the counterclaim for a balance due upon the conversion issue and in favor of the intervener and against the plaintiff on said notes in the amount of $4446.94, with interest. Judgment was entered upon said verdict, and from said judgment and an order denying his motion for new trial, plaintiff again appeals.

This appeal turns in substance upon two questions of fact: First, as between appellant and defendant-respondent was the evidence sufficient to justify a verdict which must embrace a determination that plaintiff and Fienup were copartners? Second, as between appellant and intervener-respondent does the evidence justify a verdict which must include a determination that the notes counterclaimed upon, executed, and delivered in Minneapolis to Bond, were not surrendered or agreed to be surrendered or canceled at the conference of plaintiff, Fienup, and Bond at Rapid City a few days later, assuming intervener-respondent to stand in the shoes of Bond, the payee of said notes?

Turning to the first of these questions, the issue was disputed upon the facts and was submitted to the jury under proper instructions embodying almost verbatim the law applicable as set out by this court in its opinion on the former appeal. In addition to the evidence going to the question of partnership submitted on the first trial, two additional witnesses testified on the second trial, one Dredge and one Cahaley, and their testimony, if believed by the jury, would establish facts and courses of conduct of the alleged partners sufficient to prove their intent to maintain a partnership relation, or at least sufficient to estop them in this case from denying the existence of such relation. In view of this additional tes-

timony, we are no longer able to say, as we did on the former
appeal, that there was no evidence to go to the jury upon the
question of copartnership.

As to the second question of fact there was a square conflict
in the testimony, and the matter was submitted to the jury under
proper instructions.

We are unable to say on the present record as to either of
these questions of fact that there is no evidence sufficient to sup-
port the verdict, and we have no right to substitute our judgment
upon the conflicting facts for the verdict of the jury. It appears
that by reason of inadvertence and error in computation, the
judgment in favor of intervener-respondent and against appellant
is excessive in the amount of $100. Other than this we find no
prejudicial error in the record.

The order appealed from is affirmed, and the cause is re-
manded, with instructions to the trial court to modify the judg-
ment by reducing the same from $546.94, together with interest
and costs, to $446.94, together with interest and costs, to corre-
spond to the verdict of the jury, and as so modified the judgment
will be affirmed.

POLLEY, J., dissents on the ground that there is not suffi-
cient evidence to establish the existence of a copartnership between
Rotzien and Fienup.

DILLON, J. (dissenting). With the exception of the inter-
vention of the Market State Bank of Minneapolis, this is the iden-
tical case decided by this court in Rotzien v. Merchants' Loan &
Trust Co., 41 S. D. 216, 170 N. W. 128, and a statement of the
facts of the case may be there found. In the former opinion it
was held that no partnership existed and that the trial court should
have directed the jury to find for the plaintiff for the value of
plaintiff's interest in the property sold. The evidence in the in-
stant case with reference to the partnership is substantially the
same as in the former case. In the former case the defendant
there was the agent and trustee of the intervening defendant here,
and therefore the decision in that case upon the same facts must
be held to be the law of the case.

In its counterclaim, intervening defendant prays judgment
against plaintiff in the sum of $1,800 on the two notes, one of

$800 and one of $1,000, signed by Fienup and plaintiff at the meeting held in Minneapolis. However, the evidence clearly shows that these two notes were surrendered at a subsequent meeting held in Rapid City at which time the following agreement was entered into: The purchase price of the horses was $3,900:

| | |
|---|---|
| Mechtle note and mortgage | $1,100.00 |
| Rotzien claim against Bond | 1,300.00 |
| Fienup note | 539.00 |
| Fienup note | 800.00 |
| Credits allowed by Cahaley | 161.00 |
| | $3,900.00 |

In view of this settlement at which Bond, acting agent of intervening defendant, was present, I do not think that the two notes of $800 and $1,000 respectively, can be held to be outstanding, but should be held to have been surrendered, and I think the judgment of the lower court should be reversed, with instructions to enter judgment for plaintiff for the value or plaintiff's interest in the property sold, after the Mechtle note and mortgage of $1,100 has been satisfied.

Note.—Reported in 207 N. W. 166. See, Heanote, Appeal and error, Key-No. 1002, 4 C. J. Sec. 2836.