## SHELBY V. BOWDEN *et al.*

1. Comp. Laws 1887, § 3272, provides that an instrument is deemed to be recorded when it is deposited in the register's office for record. Sections 5411, 5412, provide that mortgages containing a power of sale may be foreclosed by advertisement if they have been duly recorded. Held, that a foreclos re by advertisement of a mortgage containing a power of sale was not rendered void because the recording officer negligently omitted to transcribe the clause of the mortgage containing the power of sale into the record book.

2. A mortgagor, who had executed a mortgage containing a power of sale, acquiesced in the foreclosure thereof, and delivered possession to the purchaser under the sheriff's deed. He later quitclaimed to defendant, who claimed under the foreclosure, and had in the meantime released a valid prior mortgage in reliance on the regularity of the proceedings at the sale. The mortgagor had previously given a warranty deed to the premises to another, and through various mesne conveyances a paper title passed to plaintiff. During the time of all these conveyances defendant was in actual, notorious, and peaceable possession, claiming through the foreclosure, and the conveyances through which plaintiff claimed were, therefore, void under Comp. Laws 1887, § 3303, providing that a grant of real property in the actual possession of another claiming under a title adverse to the grantor is void. Held, that plaintiff was estopped to assert title to the premises in reliance on an alleged invalidity in the foreclosure proceedings.

(Opinion filed April 7, 1903.)

Appeal from circuit court, Hutchinson county. Hon. E. G. SMITH, Judge.

Action by John W. Shelby against W. J. Bowden, Wm. E. Damon, and others. From a judgment quieting title in defendant Wm. E. Damon, plaintiff appeals. Affirmed.

*A. B. Kittredge*, for appellant.

*W. J. Hooper* for respondent.

HANEY, P. J. This is an action to determine adverse claims to real property. Defendants Bowden, Schaetzel, Dunlap, C. F. Bliven, trustee, Lila C. Bliven, SamuelC. Blair, Ann D. Blair, Alma C. Damon and Augusta Moller defaulted. Defendant Shepard answered, disclaiming any interest in the property. Defendant Karl Moller answered, disclaiming any interest except as a tenant of the defendant William E. Damon. Upon the issues as joined by the answer of the defendant and respondent, William E. Damon, to the complaint, the court found the facts to be as follows:

"(1) That the land in controversy in this action * * * was patented by the United States government unto one Charles Fossette August 16, 1889. Said patent was filed for record in the office of the register of deeds of Hutchinson county, South Dakota, January 22, 1894, and recorded in Book 5 of the records of said office on page 28.

"(2) That on May 29, 1888, the said Charles Fossette and Ollie Fossette, his wife, executed a mortgage on said real estate unto W. L. Telford to secure payment of the sum of $450, with interest thereon at the rate of 7 percent per annum, interest payable semiannually. It was made a condition of the said note that, if any installment of interest should not be paid when due, the whole sum secured by this note, both principal and interest, should at once become due, and payable, and should draw interest after due at the rate of 12 per cent per annum until paid, and any installment of interest not paid when due should draw interest until paid at the rate of 12 per cent per annum. That the said mortgage contained the following provision, to wit: 'And it is mutually understood and agreed between the mortgagor and

mortgagee and trustee herein, and this clause shall be taken and held to be notice to whom it may concern, that this mortgage or trust deed is taken and this loan made for the purpose of negotiating a sale of the same to some investor for full value without any assignment of the same being placed upon record,' etc. That said mortgage was duly acknowledged, so as to entitle the same to be recorded, and was on May 31, 1888, filed for record in the office of the register of deeds of Hutchinson county, South Dakota, and is recorded in Book 23 of Mortgages, on page 4. That shortly after the execution thereof the said note and mortgage, for full value then and there paid by this defendant William E. Damon, was sold, assigned, and transferred unto said Willian E. Damon, and ever since that time he has been, and he is now, the owner and holder thereof. That said Fossettes failed to pay the interest on said note which became due January 1, 1891 or subsequent to that date, or any part of the principal, and there is now due on said mortgage indebtedness the sum of $465.75, with interest thereon from January 1, 1891, at the rate of 12 per cent. per annum, amounting to $868.75.

"(3) That on May, 24, 1888 the said Charles Fossette and Ollie Fossette, his wife, executed to the defendant W. J. Bowden a second mortgage on the above-described premises, which said mortgage was subsequent and inferior to the lien of the mortgage described in paragraph 2 of these findings, to secure payment of the sum of $22.95 as follows, to-wit: $2.70 January 1, 1889; $2.25 July 1, 1889; $2.25 January 1, 1890; $2.25 July 1, 1890; $2.25 January 1, 1891; $2.25 July 1, 1891; $2.25 January 1, 1892; $2.25 July 1 1892; $2.25 January 1, 1893; $2.25 July 1, 1893. All of said installments to draw interest after due until

paid at the rate of 12 per cent. per annum; and it was express-
ly agreed by the terms of said mortgage that a failure to pay
any installment as above agreed, that such failure should ren-
der the whole sum secured thereby due and payable immediate-
ly on such default.

"(4) That said mortgage contained the following provision,
to-wit: 'It is further agreed that this mortgage may be fore-
closed by action or by advertisement, as provided by chapter
28 of the Code of Civil Procedure of the Revised Codes of Da-
kota of 1877, or any other laws or acts of the territory of Da-
kota premitting foreclosure by advertisement, and this para-
graph shall be deemed as authorizing and constituting the
power of sale as provided in said chapter and other acts, if
any, and it is agreed that, should foreclosure be commenced,
an attorney fee of $25 shall be alllowed for plaintiff's attorney,
and shall be collected as part of the costs on foreclosure. A
release of this mortgage is to be made at the expense of the
party of the first part on full payment of this indebtedness.'

"(5) That, excepting as stated in paragraph four of these
findings, the said mortgage contained no power authorizing a
foreclosure of said mortgage by advertisement.

(6) That said mortgage was duly acknowledged, so as to
entitle the same for record, and the same was filed for record in
the office of the register of deeds of said county of Hutchinson,
Dakota Territory (now state of South Dakota), May, 31, 1888,
at 10 o'clock a. m., and the register of deeds of said county in-
dorsed the following on the back of said mortgage: 'Territory
of Dakota, Hutchinson county—ss. Filed for record the 31st
day of May, A. D. 1888, at 10 o'clock a. m., and recorded in
book 8 of Mortgages, on page 611, Hutchinson County Records.

F. J. Eisemann, Recorder;' and thereafter forwarded the same to the mortgagee. ·

"(7) That said indorsement was in fact untrue, in that in the purported copy of said mortgage, as spread upon the records of said office of register of deeds, the paragraph contained in said mortgage set out in paragraph four of the findings was wholly omitted, but in all other respects the copy as spread upon the records is a true copy of said original mortgage.

"(8) That, default having been made in the payment of the several installments secured by said mortgage, and which became due subsequent to January 1, 1889, the mortgagee, relying on the indorsement on said mortgage, proceeded to foreclose the same by advertisement and sale, and on December 10, 1890, under such foreclosure proceedings, the mortgaged premises were sold to said C. F. Bliven, as trustee, and a certificate in due form was issued by the sheriff of said county in duplicate, one copy of which was filed in the office of the register of deeds of said county of Hutchinson and the other was delivered to said purchaser.

"(9) That the said land not being redeemed from such sale, on December 31, 1891, a sheriff's deed of said premises on such foreclosure proceedings was issued by the sheriff of said county of Hutchinson unto said C. F. Bliven, as trustee, which deed was duly acknowledged, so as to entitle the same to be recorded, and the same was filed for record in the office of the register of deeds for Hutchinson county, South Dakota, January 8, 1892, at 9 o'clock a. m., and recorded in book of F of Deeds, on page 263.

"(10) That the said Bliven at that time was an officer of the American Investment Company of Emmetsburg, Iowa, and

he purchased and held the said land and premises at said foreclosure sale for said company.

"(11) That the proceedings had to foreclose said mortgage were in every respect regular, and according to statute, excepting that the power of sale contained in said mortgage was not spread on the records in the office of register of deeds of Hutchinson county, South Dakota, before any proceedings to foreclose the said mortgage were had.

"(12) That on October 25 1893, the said C. F. Bliven, as trustee, and Lila C. Bliven, his wife, executed to the said defendant Samuel C. Blair their special warranty deed of conveyance of the said premises. That the said deed was duly acknowledged, so as to entitle the same to be recorded, and that it was filed for record in the office of the register of deeds for said county of Hutchinson November 4, 1893, at 9 o'clock a. m. and is recorded in book W of Deeds, on page 112.

"(13) That the said Samuel C. Blair was at that time an officer of the American Investment Company, and he took title to the same for said company, and not otherwise.

"(14) That immediately upon the issuance of the sheriff's deed of said premises, as stated in paragraph 9 of these findings, the said American Investment Company, with the consent of and without any objection on the part of said Charles Fossette, entered into the quiet and peaceable possession of the said premises, and every part thereof, claiming title thereto under such forelosure proceedings. That during the season of 1892 and 1893 the said premises were leased to and cultivated by one Alvin Kayser as tenant of the American Investment Company, and during the year 1894 by one Karl Moller as tenant of the said American Investment Company. That the pos-

session of the said premises by said American Investment Compay by and through their various tenants and agents was at all times open, notorious, peaceable, and exclusive, and at all times the said company claimed to be the owner of the same, and was attempting to sell it; that the said Charles Fossette at all times had actual knowledge of the possession of the said premises by the said American Investment company, by its tentants and agents, as herein stated, and its claim of title thereto, and had notice that the said American Investment Company was offering the said premises for sale, and was trying to dispose thereof; and the said Fossette at all times acquiesced in the said American Investment Company's possession and title of and to the said premises, and he at no time after.the issuance of said sheriff's deed as aforesaid made any claim of the right of possession, or of any right, title, and interest in and to the said premises, or of any part thereof.

"(15) That on June 1, 1894, the said American Investment Company, for full consideration, sold the said premises unto this defendant, and caused the said Samuel C. Blair and Ann D. Blair, his wife, to execute unto this defendant, William E. Damon, a sufficient special warranty deed of conveyance thereof, and thereby warranted to said Damon title to said premises as against them, which said deed of conveyance was duly acknowledged so as to entitle the same to be recorded, and it was filed for record in the office of the register of deeds for said county of Hutchinson October 25, 1894, at 9 o'clock a. m., and is recorded in volume W of Deeds on page 433.

"(16) That immediately upon purchasing said premises this defendant was let in the quiet and peaceable possession of said premises through his duly authorized agents and tenants,

and since June 1, 1894, he at all times has been, and he is now, in the open, notorious, quiet, and peaceable possession of said premises, and every part thereof, by his tenant and agent, Karl Moller.

"(17) That at no time prior to the month of January, 1897, did this defendant, William E. Damon, have any actual knowledge or actual notice that there was a defect in the record of said mortgage, as stated in paragraph 7 of these findings, but in purchasing said premises he relied wholly on the original patent from the United States to Charles Fossette; the original mortgage from Charles Fossette and wife to W. J. Bowden, and the indorsement of the register of deeds indorsed on the back thereof, as stated in paragraph 6 of these findings; the original records of the foreclosure proceedings, as stated in paragraphs 8 and 9 of these findings; the sheriff's deed to C. F. Bliven; the deed from Bliven and wife to Blair, and from Blair and wife to this defendant, William E. Damon, and also upon the fact that since January, 1892, the said American Investment Company has been in the quiet, peaceable, open, and notorious possession of said premises, and every part thereof, claiming title thereto under said sheriff's deed, and constantly holding out to the world that it was the owner thereof, and at all times exercising acts of ownership over the same.

"(18)" That on September 5, 1894, and while the said defendant, William E. Damon, was in the possession of the said premises, as stated in these findings, and believing his title thereto to be absolute; and that the mortgage specified in paragraph 2 was merged in the deed, and for the sole purpose of clearing up the title of record of said premises, he caused a release deed to be executed, which released of record the mort-

gage described in paragraph 2 of these findings. That said release deed was duly acknowledged, so as to entitle the same to be recorded, and it was filed for record in the office of the register of deeds of said Hutchinson county December 15, 1894, at 9 o'clock a. m., and is recorded in Volume 32 of Mortgages, on page 591. That at the time of the execution of said release the said Damon had no intention of releasing any right, interest, or title he had in or to the said land.

"(19) That on December 3, 1894, the said American Investment Company procured from the said Charles Fossette and wife a quitclaim deed of conveyance unto this defendant, William E. Damon. That said deed was duly acknowledged, so as to entitle the same to be recorded, and it was filed for record in the office of the register of deeds of Hutchinson county, South Dakota, December 10, 1894, at 10 o'clock a. m., and is recorded in Volume Q of Deeds, on page 365.

"(20) That during the time that the American Investment Company and this defendant have been in the possession of said premises in good faith claiming title thereto under said foreclosure proceedings and conveyance to this defendant, they have paid the following taxes assessed against the same, to wit: January 9, 1892, taxes for years 1889 and 1890, $25.75; September 20, 1892, taxes for year 1891, $7.50; September 29, 1893, taxes for year 1892, $7.45; June 1, 1894, taxes for year 1893, $16.78; September 1, 1895 taxes for year 1894, $17; October 30, 1896, taxes for year 1895, $18.20.

"(21) That on June 23, 1894, the said Charles Fossette and Ollie Fossette. his wife, not then being in actual possession of said premises, executed unto one George Beatty a warranty deed of conveyance, with full covenants of the said premises,

subject to a mortgage of $450. That said deed was duly acknowledged, so as to entitle the same to be recorded, and the same was filed for record in the office of the register of deeds for Hutchinson county, South Dakota, June 25, 1894, at 9 o'clock a. m., and is recorded in Book W of Deeds, on page 357.

"(22) That at the time of the execution of the deed specified in paragraph 21 of these findings the said defendant, William E. Damon, was in possession, in the manner stated in these findings, of the said premises, and every part thereof, claiming under a title, towit, the deed from Samuel C. Blair and Ann D. Blair, his wife, to the said William E. Damon, as particularly set forth in paragraph 15 of these findings.

"(23) That on March 28, 1896, the said George Beatty and Elsie Beatty executed to one George J. Consigny, Jr., a warranty deed of the above-described premises, with full covenants. That said deed was duly acknowledged, so as to entitle the same to be recorded, and it was filed for record in the office of the register of deeds for Hutchinson county, South Dakota, April 2, 1896, at 9 o'clock a m., and is recorded in Volume H of Deeds, on page 440.

"(24) That at the time of the execution of the deed specified in paragraph 23 of these findings this defendant, William E. Damon, was in the actual and peaceable possession of the said premises, as hereinbefore stated, claiming title thereto, to wit, title based on the deed from Samuel C. Blair and wife to this defendant, as specified in paragraph 15 of these findings, and also under title based on the deed from Charles Fossette and wife to this defendant, William E. Damon, as specified in paragraph 19 of these findings.

"(25) That on April 22, 1896, the said Consigny, Jr., and Myrtle B. Consigny, his wife, executed unto the plaintiff, John W. Shelby, their warranty deed of conveyance of the said premises. That said deed was duly acknowledged, so as to entitle the same to be recorded, and it was filed for record in the office of the register of deeds of Hutchinson county, South Dakota, April 24, 1896, at 9 o'clock a. m., and it is recorded in Volume Y of Deeds, on page 90.

"(26) That at the time of the execution of said deed as specified in paragraph 25, this defendant, William E. Damon, was in the actual possession of the said premises, and every part thereof, as hereinbefore stated, claiming title under the deed from Samuel C. Blair and wife to him, as specified in paragraph 15 of these findings, and also under the quitclaim deed of Charles Fossette and wife to this defendant, William E. Damon, as specified in paragraph 19 of these findings.

"(27) That at the time of the conveyance to him as specified in paragraph 25 of these findings the said plaintiff, John W. Shelby, had no actual knowledge or notice of any of the facts set out in these findings, but in purchasing the same he relied wholly on the recorded title thereof as shown by the records in the office of the register of deeds of said county of Hutchinson.

"(28) That on or about October 20, 1896, this defendant, William E. Damon, entered into a written contract to convey said premises unto defendant, Karl Moller, and in pursuance of the said contract the said Damon signed a warranty deed for said premises, and duly acknowledged the same, so as to entitle the same to be recorded, and sent the same to his agent, one W. H. Shaw, to be delivered to the said Moller on payment

to said Shaw of the purchase price of said land. That said deed was never delivered to the said Moller, or the purchase price paid, but that said Shaw, without the knowledge or consent of the said Moller or said Damon, caused said deed, by mistake, to be recorded. That the said Moller has never received the said deed, and has never claimed any title to said land by virtue thereof, but expressly claims the title to be in the said William E. Damon, and the said Damon acquieces in the said claim.

"(29) That the deed referred to in paragraph 28 of these findings is recorded in the office of the register of deeds of Hutchinson county, South Dakota, in Book H of Deeds, on page 456.

"(30) That no part of the mortgage indebtedness specified in paragraph 3 of these findings has been paid, or no offer or tender of payment of the same has been made to this defendant, William E. Damon, nor has the plaintiff paid or offered to repay any of the taxes paid on said premises as specified in paragraph 20, and no part thereof has been repaid."

Upon the facts so found the court concluded "that the plaintiff is not entitled to recover, on the sole ground that he is equitably estopped on the foregoing facts, but that the defendant William E. Damon is entitled to have the title to the said premises quieted in him, and to his costs and disbursements in this action."

There being no objection to the findings of fact, the only question is whether they support the judgment. If they do, it should be affirmed, regardless of what reasons were assigned in the decision of the lower court. It will be observed that the foreclosure proceedings under which respondent claims title

were in all respects regular, except that the power of sale con-
tained in the mortgage was not spread on the records in the
office of the register of deeds. This was an error of the regis-
ter's, for which respondent was not responsible, he having re-
lied upon the original mortgage with the register's indorse-
ment thereon; and not having had actual notice of any defect
in the record until after the plaintiff's paper title was acquired.
If the record of a deed or mortgage be defective, it is in many
states constructive notice of only what the record contains, in
case the record is not an accurate transcript of the instrument.
Another view is that the filing of the instrument operates as a
record of it, and that the record is constructive notice, from
such time. of what the instrument actually contains. These
different views depend largely upon the different terms used
by the statutes in regard to the effect of filing or recording in-
struments as constructive notice. The latter view has been
adopted in this state. Parrish v. Mahany, 10 S. D. 276, 73 N.
W. 97, 66 Am. St. Rep. 715. In this respect there can be no
distinction between deeds and mortgages. Concerning the re-
cording of a deed, this court, in the case cited, used this lan-
guage: "Under statutes which make the instrument operative
as a record from the time it is filed for record, the better rule
seems to be that the grantee should be regarded as having dis-
charged his entire duty when he has delivered his instrument,
properly executed and acknowledged, or proved and certified,
to the recording officer, and as being in the same attitude as if
the instrument were at that moment correctly spread upon the
record book, and that no subsequent mistake can deprive it of
its operation as a recorded instrument." The mortgage itself,
in the case at bar, contained a power of sale authorizing fore-

closure by advertisement. Male v. Longstaff, 9 S. D. 389, 69 N. W. 577. Every mortgage of real property containing therein a power of sale, upon default being made in the condition of such mortgage, may be foreclosed by advertisement, providing such mortgage has been duly recorded in the county where the mortgaged premises are situated. Comp. Laws 1887, §§ 5411, 5412. It follows that the foreclosure relied upon by respondent was in all respects regular, as the mortgage, containing a power of sale, must be deemed to have been recorded from the time it was deposited in the register's office, with the proper officer for record. Comp. Laws 1887, § 3272; Parrish v. Mahany, supra. The reasons for enforcing this rule in this case are stronger than they were in the case cited. Here the plaintiff acquired his paper title with record notice of an outstanding incumbrance, which he has neither paid nor offered to pay, relying merely upon the technical objection that a mortgage containing no power of sale should be foreclosed by action instead of by advertisement. We think the foreclosure by advertisement was not rendered invalid by reason of the register's mistake, and that, therefore, the learned circuit court did not err in adjudging the title to be in the respondent upon the facts as found in its decision.

Nor did the court err in concluding that the plaintiff was estopped from asserting title to the premises in controversy, assuming the foreclosure proceedings to have been irregular. In a recent case in Minnesota, where the register of deeds made a mistake as to the name of one of the assignees in recording the assignment of a mortgage which was subsequently foreclosed under a power of sale, the court held the mortgagor to be estopped from asserting the invalidity of the foreclosure

proceedings.   After an extended  discussion  of  the  equitable doctrine of estoppel by conduct, Mr. Justice MITCHELL, speaking for the Supreme Court of that state, employs the following language:   ''But, while certain  general requisites are held essential to create an equitable estoppel, yet the courts  have always been cautious, as in the matter of defining fraud,  not  to give a definition of universal application  without  modification or limitation, and without reference to the peculiar facts  of  a particular case.   The authorities are,  however,  substantially all agreed upon the following  general  propositions:   First. To create an estoppel, the conduct of the party need not  consist of affirmative acts or words.   It may consist of silence,  or a negative omission to act, when it was  his  duty  to  speak  or act.   Second.  It is not necessary that the facts must be actually known to a party estopped.   It is enough if the circumstances are such that a knowledge of the truth is necessarily imputed to him.   Third.  It is not necessary that the conduct be done with   a   fraudulent   intention   to   deceive   or   with   an actual   intention   that   such   conduct   will   be   acted   upon by  the  other  party.   It is enough that the conduct was done under such circumstances that he should have known that it was both natural and probable that it would be so  acted  upon.''   Dimond v. Manheim, 63 N. W. 495.   Applying these general principles to the facts of the case at bar,  it  seems  to us that an equitable estoppel  is  clearly  established.   Knowledge of the fact that he had executed a mortgage  containing a power of sale must be imputed to  the  mortgagor.   He  knew that the power had been exercised, and the land sold.   Instead of taking steps to protect his rights in the property by redeeming from the sale, or moving to have it vacated,  he acquiesced

16 S. D.—35

in the foreclosure, and consented to possession being taken by the purchaser under the sheriff's deed. The sale took place December 10, 1890. The sheriff's deed was issued December 31, 1891, and recorded January 8, 1892. In December, 1894, the mortgagor quitclaimed to the respondent all his interest in the premises. From December 10, 1890, until this action was begun, he not only refrained from objecting to the foreclosure proceedings, but affirmatively consented to and acquiesced in the possession of the premises by respondent and his grantors. In the meantime the respondent materially altered his position by releasing a valid prior mortgage upon the premises, relying in good faith upon the supposed validity of such proceedings. The mortgagor's conduct did not consist merely of silence, or a negative omission to act, for it is found by the trial court that he consented to possession being taken under the sheriff's deed. As to him, a more complete and conclusive equitable estoppel could hardly be imagined than the one established by the facts in this case. Is the plaintiff in any better position than the mortgagor? Certainly not. When the mortgagor conveyed to Beatty, when Beatty conveyed to Consigny, and when Consigny conveyed to the plaintiff, the respondent was in the actual, quiet, peaceable, open, and notorious possession of the premises, and every part thereof, claiming under a title, to wit, the deed from Samuel C. Blair and wife to the respondent. Under the law in force when they were executed, each of the conveyances in the chain of title from the mortgagor to the plaintiff was void as against the respondent. Comp. Laws 1887, § 3303. Actual, open, and visible possession of real estate is constructive notice to the purchaser of all rights of the possessor in the land. Such posses-

sion charges a purchaser with notice of all equities of him in possession. Betts v. Letcher, 1 S. D. 182, 46 N. W. 193.

The judgment of the circuit court is affirmed.