MURPHY, Respondent, v. SIOUX FALLS SERUM COM-
PANY, Appellant.

(184 N. W. 252.)

(File No. 4806.   Opinion filed August 31, 1921.)

1.  Pleadings—Negligence—Hogs Killed by Vaccination Serum—
    Dangerous, Poisonous, Substance—Allowing Serum to Become
    Contaminated, Resulting in Death of Hogs, Plaintiff Without
    Fault, Whether Cause of Action Stated—Prima Facie Case of
    Negligence.

    A complaint for damages for value of hogs killed, alleging
    that certain serum prepared and sold to plaintiff by defendant
    veterinary surgeon was an eminently dangerous and poisonous
    substance, that therefore defendant owed plaintiff duty of
    exercising greatest care in preparing and hermetically sealing
    same so as not to permit it to become contaminated or permit
    its chemical action to so change its substance as to inflict
    injury to animals for which it was prepared, that defendant so
    prepared it as to permit it to become contaminated with germs
    of tetanus or other injurious substance, by reason whereof 90
    head of plaintiff's shoats became infected from and died from
    effects thereof without plaintiff's fault or negligence, states a
    cause of action, and suggests plaintiff's theory of defendant's
    negligence or want of care in preparing the virus or serum.
    Held, further, that plaintiff, by showing serum was properly
    administered and that malignant edema that caused death of
    hogs developed at place where serum was injected into the
    hogs, made out a prima facie case.

**2.  Evidence—Hogs Killed by Serum—Defendant's Rebuttal of Prima Facie Case, Facts Essential to Re Careful Preparation, Etc.**

In order to rebut a prima facie case of hogs killed by serum, defendant could show serum prepared by approved method, that it was properly tested, bottled, sealed, and labelled, that reasonable care was taken to prevent poisonous or deleterious matter from entering it.

**3.  Same—Officer to Prove Same Serum Used on Other Hogs Without Injury, Proper Defense.**

In such suit for damages, defendant, after plaintiff's proof of prima facie case, could show in defense that identical lot of serum used on plaintiff's hogs had been used on other hogs without resulting injury, and refusal to allow such proof was prejudicial error. So held, where evidence showed that spores or bacilli of malignant edema exists on the ground, in earth and dirt, may be picked up and carried about by one's feet or by dust, that they are on skins of animals and there discoverable only by microscopic examination; it being possible also that the spores causing death of plaintiff's hogs may have been in vessel containing the serum when used, or in the syringe used to inject it, or may have been deposited by wind while it was being used.

McCoy, J., dissenting.

Appeal from Circuit Court, Bon Homme County. Hon. Robert B. Tripp, Judge.

Action by Dennis Murphy, against the Sioux Falls Serum Company, a corporation, to recover damages resulting from the alleged killing of plaintiff's hogs by vaccination by serum and virus manufactured by defendant. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Lynch & Doyle,* and *Louis H. Smith,* for Appellant.

*C. C. Puckett,* and *Shull, Gill, Sammis & Stillwell,* for Respondent.

(1) To point one of the opinion, Respondent cited: Shimera v. Nebraska Serum Co., (Neb.) 169 N. W. 785; Watson v. Augusta Brewing Co., 12 Ga. 121, 1 L. R. A. (N. S.) 1178.

POLLEY, P. J. Plaintiff employed a veterinary surgeon to vaccinate certain hogs for the prevention of hog cholera. The hogs were vaccinated with serum and virus manufactured by defendant. Immediately following the vaccination a considerable number of the hogs contracted malignant edema and died. Plain-

tiff, claiming that the death of his hogs resulted from the impure
and poisonous condition of the serum used, brought this action
against defendant for the recovery of the loss of his hogs.  Plain-
tiff had judgment, and defendant appeals.

In his complaint plaintiff alleges:

"That the said virus and serum is an imminently dangerous
and poisonous substance, and the defendant, by reason of the facts
herein stated, owed a duty to the plaintiff to exercise the greatest
of care in preparing the same and in hermetically sealing the bot-
tles in which contained, and in all other respects to so handle the
same as not to permit the same to become contaminated with pois-
onous substances, or permit its own chemical action to so change
the substance as to inflict injury to the animals for which it was
so prepared and intended; * * * that the said virus and serum
was not free from impurities, but, on the contrary, the said de-
fendant so prepared the same as to permit the same to be or be-
come impure and contaminated with the germs of tetanus or other
foreign or injurious substances, by reason whereof 90 of the said
shoats became infected from and by means of the injection of
said virus and serum and died from the effects thereof, without
any fault or negligence on the part of this plaintiff, and notwith-
standing that this plaintiff used and exercised due care in the
treatment and care of the said shoats after they became so in-
fected and in attempting to save them from the effects of such
infection."

[1]   These allegations state a cause of action against de-
fendant, and they also outline and suggest the theory on which
plaintiff founds his right of recovery; i. e., that defendant was
guilty in some degree of negligence or want of care in preparing
or preserving the virus or serum that was used by the plaintiff.
Plaintiff proved the use of the serum, that it had been properly
administered, and the death of his hogs, and rested.  Defendant
then moved for a directed verdict.  This motion was overruled,
and we think properly so.  Plaintiff, by showing that the serum
was properly administered, and that the malignant edema that
caused the death of the hogs developed at the place where the
serum was injected into the hog, made out a prima facie case.

[2, 3]   In order to rebut this prima facie case, it was compe-
tent for the defendant to show that the serum had been prepared

according to the approved method of preparing serum, that it had been carefully prepared and properly tested, bottled, sealed, and labeled, and that all reasonable care had been exercised to prevent any poisonous or deleterious matter from entering into the same. Defendant offered to prove these facts, but the evidence offered was ruled out because the evidence, in the form in which it was offered, was incompetent. Defendant then offered to prove that some of the same identical lot of serum that was used on plaintiff's hogs had been used on other hogs and that no injury resulted. This was objected to as immaterial; and the objection sustained. This was error of a prejudicial nature. If it had been shown that some of the same identical serum that was used on defendant's hogs had been used on other hogs, and that no injurious results followed, the jury would have been warranted in inferring that plaintiff's hogs contracted the disease which caused their death from some other source than the use of the serum. It is shown by the evidence that the spores or bacilli of malignant edema exist on the ground, in the earth, and in dirt; that they may be picked up and carried about by any one on the feet and are carried about in the dust; that they are also on the skins of animals; and that the only way their presence may be detected is by miscroscopic examination. It is altogether possible that the spores of the disease that caused the death of the hogs may have been in the vessel that contained the serum when it was being used or they may have been in the syringe that was used to inject the serum into the hogs, or they may have been deposited in the serum by the wind while it was being used.

For the error in excluding the above testimony, a new trial must be awarded.

The judgment and order appealed from are reversed.

McCOY, J., dissents on the ground that appellant has pointed out no error.