McDOWELL, Appellant, v. JAMESON, et al., Respondents, (Deadwood Gulch Mining Company, Appellants.)

(184 N. W. 251.)

(File Nos. 4816, 4817. Opinion filed August 31, 1921. Rehearing denied November 22, 1921.)

1. **Foreclosure—Quieting Title Under Foreclosure on Mining Property—Adverse Claimants Under, Execution Sales Against Original Owner, and Tax Titles, Large Improvements by Claimants, Whether Plaintiff Estopped by Laches—Evidence Considered.**

Where, in a suit to foreclose a mortgage on mining property by assignee of mortgage, and to quiet title, evidence showed that all claimants derive right and title through one C; that certain judgments in favor of one R were duly entered and

docketed against C; R having thereafter quieted title through judgment in his favor; that thereafter one L claiming as owner in fee executed a mortgage for $50,000 thereon to W. I. Co., which mortgage by mesne assignments came to plaintiff; defendants-respondents as adverse claimants basing title on said execution sales and tax payments; the other defendant claimant basing title through mesne conveyance from C; defendants-respondents also pleading in defense laches on plaintiff's part and estoppel thereby from asserting claim of title or lien, and that he and defendant-appellant claiming under C allowed said adverse claimants to remain in open, notorious, continuous and exclusive possession of said premises in good faith since 1911, claiming as owners under sheriff's deeds until 1919 when foreclosure was begun, and to pay taxes thereon continuously during said period; evidence showing that when they took possession the property was worth but $6000, it having been enhanced in value by permanent improvements and labor performed to the value of $70,000, thereby increasing its value to over $200,-000, of all of which plaintiff must have had knowledge; held, that plaintiff was estopped by his laches, as was defendant claimant under C, as against said adverse claimants; following Shelby v. Bowden, 16 S. D. 531; the same rule being applicable here where parties claim under execution sales as obtains in case of purchaser at foreclosure sale.

2. Quieting Title—Adjudication of Laches Against Plaintiff, and Against Co-defendant as Barred by Another Action Quieting Title—Laches, Estoppel, Applicable to Both.

In the present action, while trial court, though finding plaintiff guilty of laches, did not base its judgment against the co-defendant claiming title under C on such laches, but rendered judgment against it on theory that the judgment in suit to quiet title rendered in favor of R was a bar to said defendant, yet, the same facts, evidence, rules and principles of law concerning laches and estoppel apply to both plaintiff as mortgagee and said defendant as claiming through a deed from original owner.

3. Appeal—Error—Judgment Right on Facts, Non-reversal for Erroneous Reason Given.

Where a judgment is right according to facts found, appellate court will not reverse on ground that wrong reasons were assigned for the judgment.

Whiting, J., not sitting.

Appeal from Circuit Court, Lawrence County. Hon. JAMES McNENNY, Judge.

Action by James McDowell, against William R. Jameson and

31—Vol. 44, S. D.

Cutting Mining Company, a corporation, Impleaded with Deadwood Gulch Mining Company, a corporation, to foreclose a mortgage and to determine adverse claims of title to the mortgaged realty. From a judgment in favor of defendants Jameson and Cutting Mining Company, and from orders denying new trial, plaintiff and Deadwood Gulch Mining Company took separate appeals; cases on appeal being heard as one. Affirmed.

*S. K. Grigsby,* and *Davis, Lyon & Bradford,* for Appellant James McDowell.

*Gaffy, Stephens & McNamee,* for Appellant Deadwood Gulch Mining Company.

*Martin & Mason,* for Respondents.

(2) Respondent cited, to point two of the opinion, re laches as a bar against Mortgagee: 5 R. C. L. Sec. 40, p. 668; Met. Bank v. St. Louis Dispatch Co. 149 U. S. 436, 13 Sup. Ct. 948.

McCOY, J. This action was instituted by plaintiff, as assignee of the mortgagee, to foreclose a certain real estate mortgage and to determine adverse claims of title to certain real estate, consisting of mining claims situated in Lawrence county. Two defendants, corporations, namely, Cutting Mining Company and the Deadwood Gulch Mining Company, interposed answers to the plaintiff's complaint. The defendant Cutting Mining Company based its claim to title upon certain execution sales under judgments in favor of one Rogers against one Crabtree, a former owner of said real estate. The Deadwood Gulch Mining Company claims to be the successor in interest by virtue of mesne conveyances from the said Crabtree, said former owner. From findings and judgment in favor of the defendant Cutting Mining Company, the plaintiff and the defendant Deadwood Gulch Mining Company separately appeal. Both appellants, however, present their respective appeals by a single brief and appeal record.

Appellants assign the insufficiency of the evidence to sustain the findings of fact, and the insufficiency of the findings of fact to sustain the conclusions of law and the judgment. It is conceded by all the parties that they derive their claim of right and title from a common source. It appears that one Crabtree on and prior to the 6th day of January, 1904, was the owner and in possession of said real estate, and that at said time certain judgments

in favor of one Rogers were duly entered and docketed against said Crabtree in the circuit court of Lawrence county; that thereafter, on the 7th day of November, 1907, one Lee, then claiming to be the owner in fee and in possession of said mining claims, executed and delivered a certain real estate mortgage upon said mining claims to secure the payment of $50,000, payable five years after said date to the Western Investment Company; that thereafter the said Western Investment Company assigned the said mortgage and the indebtedness secured thereby to one Shaeffer, who thereafter assigned the same to the appellant McDowell. It is conceded by respondent that, unless the respondent and its predecessors in interest acquired title and the right to possession and ownership of said premises under and by virtue of certain tax deeds, execution sales, and sheriff's deeds issued thereunder, under certain judgments in favor of one Rogers and against said Crabtree, entered and docketed in Lawrence county on the 6th day of January, 1904, and under a certain other judgment quieting title in said Rogers, entered and docketed in 1912 in the circuit court of said county, the plaintiff, appellant, and the defendant Deadwood Gulch Mining Company should prevail in this action. Respondent also pleaded that the appellants were guilty of laches, and by reason thereof appellants should be estopped from making any claim of title or lien to the said premises adverse to respondent. Therefore the real material issue first to be determined in this case is whether or not the evidence and findings are sufficient to sustain the judgment in favor of the defendant Cutting Mining Company on the ground that the appellant plaintiff and appellant Deadwood Gulch Mining Company were guilty of laches.

[1] The trial court, from the findings of fact, concluded that the appellant plaintiff was estopped to maintain this action by reason of laches. We are of the opinion that this conclusion is fully sustained by the facts. It appears that the respondent Cutting Mining Company is the successor in interest of said Rogers; that Rogers and the Cutting Mining Company have been in the open, notorious, continuous, and exclusive possession of said premises at all times since 1911, in good faith claiming to be the owners thereof under the sheriff's deeds issued on execution sales of said premises to said Rogers under and by virtue of judgments

in his favor against said Crabtree, the former owner; that from 1911 until the beginning of this action in 1919 the said Rogers and said Cutting Mining Company paid all taxes assessed and levied on said premises; that at the time said Rogers took possession of said premises the same were reasonably worth and of the value not to exceed $6,000; that said Rogers and said Cutting Mining Company have during the time of such possession made permanent improvements and performed labor by constructing mining tunnels, shafts, and crosscuts, and other mining improvements and machinery, on said premises, in value exceeding $70,000. and thereby increased the value of said mining claims to over $200,000. All of the appellants of necessity must have had knowledge and be charged by law with notice of such possession by said Rogers and Cutting Mining Company, and of the said improvements and labor performed on said premises by them, and also of the claim of ownership made by them under such execution sales. In Shelby v. Bowden, 16 S. D. 531, 94 N. W. 416, Farr v .Semmler, 24 S. D. 290, 123 N. W. 835, and Kenny v. McKenzie, 25 S. D. 485, 127 N. W. 597, 49 L. R. A. (N. S.) 782, this court held that, where a mortgagor without objection permitted the purchaser at a foreclosure sale to take possession in good faith of the mortgaged premises so sold in such sale, pay the taxes, and make improvements thereon, hold possession of the same for many years, although less than the statutory limitation, and thereby greatly increasing the value of the premises, that then and under such circumstances the mortgagor, the former owner of such mortgaged premises, by reason of laches, was estopped to allege or claim, in a subsequent action, the invalidity of such foreclosure sale. We know of no reason why the same principle of law should not apply in this case as against the appellant plaintiff, and also against the appellant the Deadwood Gulch Mining Company, and estop them from now asserting the invalidity of the execution sales to Rogers.

[2, 3] The conclusions of law made by the trial court do not base the judgment on the conclusion that the appellant Deadwood Gulch Mining Company was guilty of laches, but rendered judgment against said appellant on the theory that the judgment in the action to quiet title rendered in favor of said Rogers in 1912 was a bar to the said appellant claiming title in this action.

However, the same facts and same evidence and same rules and principles of law in relation to laches and estoppel apply as well to the Deadwood Gulch Mining Company as to the appellant McDowell. If McDowell is estopped, so also is the Deadwood Gulch Mining Company. Where the judgment of a court is right according to the facts found, the appellate court will not reverse the same on the ground that the trial court has assigned an erroneous or other reason therefor. In re Yankton-Clay County Drainage Ditch, 38 S. D. 168, 160 N. W. 732. When it is found and determined that appellants are estopped to make and set up adverse claims of title and liens against the respondent Cutting Mining Company, it then becomes unnecessary and unavailing to pass upon any of the other assignments of error relating to the regularity of the procedure by which any of these parties acquired their rights.

The judgment and orders appealed from, under both appeals, are affirmed.

WHITING, J., not sitting.