KRAFT, Respondent, v. CORSON COUNTY, et al, Appellants

(24 N. W.2d 643)

(File No. 8851.   Opinion filed October 21, 1946.)

**Stanley R. Voas,** of McIntosh, and **Morrison & Skaug,** of Mobridge, for Plaintiff and Respondent.

**W. M. Potts,** of Mobridge, and **Byron S. Payne,** of Pierre, for C. E. Lewis and Ellis M. Lewis, defendants and Appellants.

**Archie R. Moore,** of McIntosh, for defendant.

RUDOLPH, P.J.   ▉   Plaintiff brought this action to quiet title to a half section of land in Corson County.   For

some time prior to 1924 this land was owned by the State Bank of Franklin, Minnesota. In 1924 the bank entered into a contract with the defendant, C. E. Lewis, whereby Lewis agreed to purchase the land under a crop payment plan. Lewis failed to make the payments required by the contract, and failed to pay taxes for the year 1925 and subsequent years. The Franklin bank failed and in May 1940 the land was sold in the liquidation proceeding to one G. P. Smith. Smith, by quitclaim deed dated April 27, 1944, conveyed the land to the defendant, Ellis M. Lewis. On December 13, 1926, the land was sold to Corson County for the delinquent taxes of 1925. In 1932 Corson County took a tax deed to the land. Plaintiff purchased one quarter section of the land from the county in 1941 under a contract of sale whereby he agreed to pay $500 therefor, $100 in cash and the balance in installments. In 1943 he bought the other quarter section under similar terms. Plaintiff took possession of and farmed each quarter section after purchasing it, and on the quarter section purchased in 1941 he made some rather extensive improvements. Plaintiff brought this action in 1944. Defendants C. E. Lewis and Ellis M. Lewis answered asserting that the tax deed to the premises was void and claiming an interest in and ownership of the property. The court did not determine the validity of the tax deed, but by its findings of fact, conclusions of law and judgment determined that the Lewises were estopped by their laches from asserting and relying upon the invalidity of the tax deed. The defense by way of an equitable estoppel is available in an action to quiet title. Kenny et al. v. McKenzie, 25 S. D. 485, 127 N. W. 597, 49 L. R. A., N. S., 782.

There are several cases in this state wherein the doctrine of estoppel by laches has been applied to defeat claims to real estate. In the case of Wampol v. Kountz et ux., 14 S. D. 334, 85 N. W. 595, 86 Am. St. Rep. 765, it was there held, as stated in the syllabus: "Parties who passively, willfully, and knowingly suffer another to purchase unoccupied land and expended money thereon under an honest, though erroneous, belief, based on the county records, that his vendor's title is perfect, and that the deed under which the vendor claims is genuine and not a forgery, are estopped

from asserting their title, as against the purchaser, after concealing their claim and the forgery for more than 13 years for the purpose of shielding the vendor from the consequences of his crime." Another case is Shelby v. Bowden et al., 16 S. D. 531, 94 N. W. 416. In this case it was held that a mortgagor who had executed a mortgage containing a power of sale, acquiesced in the foreclosure thereof, delivered possession to the purchaser and later quit-claimed to the defendants, was estopped to assert title to the premises in reliance upon an alleged invalidity in the foreclosure proceedings. In the case of Kenny et al. v. McKenzie, 23 S. D. 111, 120 N. W. 781, 49 L. R. A., N. S., 775; on rehearing, 25 S. D. 485, 127 N. W. 597, 49 L. R. A., N. S., 782, it was held on rehearing that an action to recover the possession of land based on a naked legal title, the land having been sold under a mortgage foreclosure invalid because an assignment of the mortgage was not acknowledged so as to be entitled to record, is barred by estoppel where plaintiffs were fully apprised of the foreclosure by one claiming to be an assignee of the mortgage, and that a deed had been executed to such assignee, and possession surrendered to such assignee, and paid no taxes for 12 years and knew that the land had been sold to the defendant, and when plaintiffs did not show when they became advised of their rights nor offer to redeem from the mortgages or repay the taxes. See also Sweatman et al. v. City of Deadwood, 9 S. D. 380, 69 N. W. 582; Farr v. Semmler et al., 24 S. D. 290, 123 N. W. 835; Grigsby v. Larson, 24 S. D. 628, 124 N. W. 856; Harker et al. v. Cowie et al., 42 S. D. 159, 173 N. W. 722; McDowell v. Jameson et al., 44 S. D. 480, 184 N. W. 251. In the case of Murphy v. Dafoe, 18 S. D. 42, 99 N. W. 86, there was the 20 year adverse possession under color of title which was decisive of the issue presented, and all that was said about an estoppel was purely dictum. The case of Burleigh v. Hecht et al., 22 S. D. 301, 117 N. W. 367, which held that the doctrine of laches is applicable only to equitable actions and does not apply to legal actions was overruled in the later case of Kenny v. McKenzie, supra.

▄▄ The essential element of the doctrine of estoppel in this type of case is fraud. 3 Pomeroy's Equity Jurispru-

dence, 5th Ed., § 807; Annotation 50 A. L. R. 686. The Supreme Court of the United States in the case of Brant v. Virginia Coal and Iron Co., 93 U. S. 326, 23 L. Ed. 927, stated this essential in apt language as follows: "For the application of that doctrine (equitable estoppel) there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence on his part as to amount to constructive fraud, by which another has been misled to his injury. 'In all this class of cases,' says Story, 'the doctrine proceeds upon the ground of constructive fraud or of gross negligence, which in effect implies fraud. And, therefore, when the circumstances of the case repel any such inference, although there may be some degree of negligence, yet courts of equity will not grant relief. It has been accordingly laid down by a very learned judge that the cases on this subject go to this result only, that there must be positive fraud or concealment, or negligence so gross as to amount to constructive fraud.' 1 Story Eq., 391. To the same purport is the language of the adjudged cases. Thus it is said by the Supreme Court of Pennsylvania, that 'The primary ground of the doctrine is, that it would be a fraud in a party to assert what his previous conduct had denied when on the faith of that denial others have acted. The element of fraud is essential either in the intention of the party estopped, or in the effect of the evidence which he attempts to set up' * * *. And it would seem that to the enforcement of an estoppel of this character with respect to the title of property, such as will prevent a party from asserting his legal rights, and the effect of which will be to transfer the enjoyment of the property to another, the intention to deceive and mislead, or negligence so gross as to be culpable, should be clearly established."

The facts as found by the trial court fail to show that the Minnesota bank or its grantee Smith ever had any knowledge or information that the plaintiff was in possession of the property and improving it. The bank and Smith simply failed to pay the taxes. There is a finding that Ellis M. Lewis had knowledge of the use and improvement of the property by the plaintiff at the time he took the quitclaim deed from Smith, but it also appears that he proceeded at

once to defend this action and assert his ownership. It follows that Ellis M. Lewis acted promptly and cannot be charged with negligence on his own behalf. There was no intended deception on the part of either the Minnesota bank or Smith, its grantee, so the question presented is whether the bank and Smith had been so negligent as to amount. to a constructive fraud upon the plaintiff.

■ In the above South Dakota cases the party held to be estopped had knowledge of the occupation and improvement of the property, or the party had acted in a manner which the court concluded charged him with knowledge, and an intention to mislead. In the Shelby-Bowden case, the Kenny-McKenzie case and the Harker-Cowie case, the party held to be estopped had actually surrendered possession of the property to the plaintiff or those under whom plaintiff claimed, in the Farr-Semmler case the estopped party had negligently withheld from record the deed on foreclosure necessary to show his title. Under the circumstances of the above cases it was held that there was a duty upon the party held to be estopped to speak or act. In this case, as stated above, there is no finding that either the Minnesota bank or Smith had any knowledge of the possession or improvement of the property by the plaintiff. Neither had the bank or Smith surrendered possession of the property to any one, and under these circumstances, we fail to perceive any duty to speak or act resting upon either of these parties. In the absence of any duty to speak or act it cannot be said that the failure to speak or act could mislead. Rotzien v. Merchants' Loan & Trust Co., 41 S. D. 216, 170 N. W. 128. A holding that either Smith or the bank had constructive knowledge of the use and improvement of the property by the plaintiff and because of this constructive knowledge was duty bound to speak or act, would simply amount, under the circumstances here presented, to a shortening of the statutory period required for adverse possession to ripen into a title. In the absence of some affirmative act or actual fraud we do not believe that the owner of property who has simply failed to pay taxes, and who has no actual knowledge of the possession or improvement of the property by the purchaser at a tax sale should be estopped from assert-

ing the invalidity of the tax deed proceedings at a time short of the statutory period of limitation. Such holding can do no real injustice as it is essential that the court require the owner to do equity as a condition to granting relief. Coughlin v. City of Pierre et al., 66 S. D. 523, 286 N. W. 877; Beadle County v. Hinckley, 69 S. D. 381, 10 N. W.2d 757.

■ Respondent has questioned the assignments of error. Assignment 13 assigns as error the determination by the court that Ellis M. Lewis was guilty of laches. While this assignment does not say in words that the findings are not sufficient to support such determination, we nevertheless believe that such is the import of the assignment. SDC 33.0735 provides that "An assignment of error need follow no stated form * * *." This assignment considered with assignments 10 and 11 sufficiently points out the alleged error upon which this opinion is predicated.

The judgment appealed from is reversed.

WOHLHETER, Circuit Judge, sitting for POLLEY, J.
ROBERTS and SMITH, JJ., concur.
SICKEL, J., and WOHLHETER, Circuit Judge, dissent.

SICKEL, J. (dissenting).

The majority opinion states that: "The essential element of the doctrine of estoppel in this type of case is fraud." Actual fraud is deception, intentionally practiced to induce another to part with property or otherwise change his position for the worse. The deception must consist of some affirmative act. 37 C. J. S., Fraud, § 2b.

In Pomeroy's Eq. Jur., 5th Ed., § 802, it is said that equitable estoppel in the modern sense may arise from "silence or negative omission to do anything." The leading case of Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495, 497, states: "First. To create an estoppel, the conduct of the party need not consist of affimative acts or words. It may consist of silence or a negative omission to act when it was his duty to speak or act. Second. It is not necessary that the facts must be actually known to a party estopped. It is enough if the circumstances· are such that a knowledge of the truth is necessarily imputed to him. Third. It is ·not

necessary that the conduct be done with a fradulent intention to deceive, or with an actual intention that such conduct will be acted upon by the other party. It is enough that the conduct was done under such circumstances that he should have known that it was both natural and probable that it would be so acted upon."

The foregoing rules, approved by this court in Shelby v. Bowden, 16 S. D. 531, 94 N. W. 416; Farr v. Semmler, 24 S. D. 290, 123 N. W. 835; McDowell v. Jameson, 44 S. D. 480, 184 N. W. 251, and other cases, have firmly established the law of this state to be that fraud, consisting, as it does, of intentional deception by some affirmative act, is not a necessary element of estoppel; that equitable estoppel may consist of silence, acquiescence, or negative omission. This whole subject is reviewed in the annotation found in 50 A. L. R. 668 §§ 7, 8, and 9, commencing at page 686.

In regard to Boggs v. Merced Mining Co., 14 Cal. 279, and Brant v. Virginia Coal & Iron Co., 93 U. S. 326, 23 L. Ed. 927, Pomeroy says (§ 805): "These cases are at the present day sometimes treated as examples of equitable estoppel."

In his notes the author makes the following comment on the Brant case (Vol. 3, p. 200): "With great deference to the opinion of so able a judge, I think his error in this passage is evident. * * * If this conclusion be correct, then some of the most important and well-settled species of the estoppel, uniformly regarded as such by text-writers and courts, must be abandoned, and the beneficent doctrine itself must be curtailed in its operation to one particular class of cases. This result is in direct opposition to the tendency of judicial decision and of the discussions of text-writers."

The author says further (§ 806): "It is now in general held that all that is meant by the expression that an estoppel must possess an element of fraud is that the case must be one in which the circumstances and conduct would render it a fraud for the party to deny what he had previously induced or suffered another to believe and take action upon. The element of fraud appears when an effort is made to gainsay or deny the previous conduct."

The rule, as stated above, is the rule now followed by the Supreme Court of California. Seymour v. Oelrichs, 156 Cal. 782, 106 P. 88, 134 Am. St. Rep. 154.

The opinion of the majority takes the position that the Minnesota bank and Smith had no knowledge or information that the county and Kraft had been in possession of the land and improved it under claim of ownership. A similar question was before this court in Shelby v. Bowden, supra [94 N. W. 420], where it was said: "When the mortgagor conveyed to Beatty, when Beatty conveyed to Consigny, and when Consigny conveyed to the plaintiff, the respondent was in the actual, quiet, peaceable, open, and notorious possession of the premises, and every part thereof, claiming under a title, to wit, the deed from Samuel C. Blair and wife to the respondent. Under the law in force when they were executed, each of the conveyances in the chain of title from the mortgagor to the plaintiff was void as against the respondent. Comp. Laws 1887, § 3303. Actual, open, and visible possession of real estate is constructive notice to the purchaser of all rights of the possessor in the land. Such possession charges a purchaser with notice of all equities of him in possession. * * *"

The above rule as to constructive notice to a purchaser applies likewise to the person claiming to the be owner of the land. 2 C. J. S., Adverse Possession, § 45.

The case of McDowell v. Jameson, supra, was an action in which it was claimed that the defendant was estopped to assert ownership of the land. The opinion states that Rogers and the Cutting Mining Company were in open, notorious, continuous and exclusive possession of the property at all times since 1911, in good faith claiming to be the owners of it under a sheriff's deed; that they paid all taxes assessed against the property; that during the time of such possession they made permanent improvements, etc., on the premises. On the question of whether defendants were charged with notice of plaintiff's possession and improvement of the property this court said [44 S. D. 480, 184 N. W. 252]: "All of the appellants of necessity must have had knowledge and be charged by law with notice of such possession by said Rogers

and Cutting Mining Company, and of the said improvements and labor performed on said premises by them, and also of the claim of ownership made by them under such execution sales."

Either the county or the respondent, its successor in interest, was in the actual, quiet, peaceable, open and notorious possession of the premises, and every part thereof at all times from 1932 when the tax deed was issued, until the trial of this action. They, too, claimed in good faith to own the land, paid the taxes and made valuable and permanent improvements on it while in possession. Such possession was constructive notice to the bank, and to Smith of "all equities of him in possession." It charged them with the duty to inform the county and Kraft of their claim to the property if any they had, and to assert their rights. Betts v. Letcher, 1 S. D. 182, 46 N. W. 193; Shelby v. Bowden, supra; Farr v. Semmler, supra; McDowell v. Jameson, supra.

Ellis M. Lewis acquired his interest in the property, if any, by quitclaim deed from Smith, after the commencement of this action, and, therefore, he stands in the shoes of the bank and Smith as to plaintiff's claim of equitable estoppel. Farr v. Semmler, supra.

Another question argued in the briefs is the knowledge or ignorance of the bank and Smith as to a cause of action existing in their favor. It was incumbent upon the defendants to show that the bank and Smith made a mistake in supposing the tax deed to be valid, the time when they first discovered such mistake and that they acted with reasonable diligence in asserting their rights when advised thereof. Kenny v. McKenzie, 25 S. D. 485, 127 N. W. 597, 49 L. R. A., N. S., 782. The appellants made no attempt to prove any of these things.

The majority opinion declares in substance that an equitable estoppel without "some affirmative act or actual fraud" would amount to "a shortening of the statutory period required for adverse possession." The same question of law was presented to this court in Kenny v. McKenzie, supra. There the distinction between equitable estoppel and title by adverse possession was explained. It was there

decided that equitable estoppel may arise from laches covering a period of time much shorter than that prescribed by the statute on adverse possession. That decision was based upon the principle, later affirmed in the McDowell case, that actual fraud is not a necessary element of equitable estoppel.

The evidence in this case shows that the State Bank of Franklin sold the land to C. E. Lewis on cropper's contract. The purchaser defaulted in the payments due under the contract both as to purchase price and taxes. The bank then conveyed the property to G. P. Smith by deed dated May 3, 1940, recorded June 17, 1944. Smith in turn conveyed the property to Ellis M. Lewis, one of the appellants, by quitclaim deed dated April 27, 1944, filed June 17, 1944, the date of the instrument and the date of filing both being subsequent to the recording of the lis pendens in this action. This quitclaim deed recited the consideration of $25. The county took possession when it obtained the tax deed, removed the buildings, and retained such possession until the land was conveyed to respondent. Respondent took possession of each quarter section of land at the time of purchase and has retained such possession ever since. He made many valuable and permanent improvements on the land, which improvements consisted of farm buildings, fences and wells. C. E. Lewis, appellant, or members of his family, leased the land from Corson county for the cropping season of 1932 and in subsequent years. Neither of the appellants, nor the persons from and through whom they derived their interest in the land, has paid any of the taxes on the land for the year 1925 and subsequent years. Neither the appellants nor the commissioner of banks nor Smith took any steps to protect their rights in the property by redeeming from the tax sale involved in this action nor claimed or asserted any interest in the land from the time the tax deed was issued until after the commencement of this action. They abandoned the ownership in the land to the tax title; they acknowledged the county as the owner of the land during the period of time when they knew, or should have known, that it was in possession, treating the land as exempt from taxation on the faith of the validity of its tax deed, and

while respondent was in open possession, making payments on his purchase contract, paying the taxes and improving the property. The county and the respondent, as successive owners of the land have, since the issuance of the tax deed, in good faith relied upon such conduct, and have been led thereby to change their position for the worse.

I agree with the majority opinion that the evidence in this case does not show an affirmative act amounting to actual fraud. I believe that the evidence does show the unconscientious assertion of a claim which is inconsistent with former conduct, by which the defendant Ellis M. Lewis is bound, and upon which the plaintiff has acted, and that this constitutes an equitable estoppel. In my opinion the judgment of the circuit court should be affirmed.

WOHLHETER, Circuit Judge, concurs in the above dissent.