In Re YANKTON-CLAY COUNTY DRAINAGE DITCH,
Snow Claimant and Appellant.

(160 N. W. 732.)

(File No. 3790.    Opinion filed December 30, 1916.    Rehearing denied March 5, 1917.)

1.    **Eminent Domain—Drainage Ditch—Damages for Right of Way—Obstruction by Ditch Embankment of River Overflows—Jurisdiction Over Land Not Traversed by Ditch—Statute.**

In a proceeding for damages for right of way for a drainage ditch, based upon alleged impending obstruction of river overflow by the ditch embankment, which it is claimed will dam the waters back on claimant's land, and for diminution of land by reason of construction of the ditch and laterals, held, that the trial court had jurisdiction to allow damages to land not

traversed by the ditch, under Laws 1907, Chap. 134, Sec. 5, as amended by Laws 1909, Chap. 102, Sec. 3, providing that "if drainage commissioners find the drainage proposed or any variation thereof conducive to public health or necessary or practicable for draining agricultural lands, they shall establish the drainage and assess damages sustained by each tract of land or other property through which the same shall pass and the damages as compensation for the land taken for the route of such drainage," and that any person interested may be heard in the matter of damages or compensation for land, and Laws 1907, as amended by Laws 1909, Chap. 102, Sec. 2, providing that the notice of hearing shall summon all persons affected by proposed drainage to appear at said hearing and show cause why the said drainage should not be estblished and constructed, and shall summon all persons deeming themselves damaged by the proposed drainage or claiming compensation for land proposed to be taken for the drainage to present their claims at the hearing; that the restriction of damages to lands which the ditch traverses would violate Const., Art. 6, Secs. 2 and 13, since such restriction might result in depriving a person of his property without due process of law, and might result in damage to his property without compensation.

2.   Same—Damages for Right of Way—River Overflow Waters, Ditch
     Embankment, Obstruction of—Grounds of Recovery.

In a proceeding to establish a drainage system, where two-thirds of the drainage area of the ditch in question lies on north side and one-third on south side of the proposed ditch, and claimant's theory is that the ditch will be so constructed that the spoil banks will be thrown up on the south side and thereby prevent overflow waters from the Missouri and James rivers from emptying into the ditch and thereby damage claimant more than he would be damaged by overflow if there were no ditch, because the overflow would be restricted to one-third of its natural area, held, that such claim of damages is wholly imaginary; it not appearing that the embankment upon the south side of the ditch was to be continuous; nor had specifications for construction of the ditch been adopted when the claim was filed. Held, further, that the claimed damages cannot be fanciful, speculative, remote, or imaginary.

3.   Same—Drainage System, Specifications for—Presumption that
     Statute Will not be Violated—Alleged Prospective Obstruc-
     tions of Overflow by Ditch Embankment.

In a proceeding for damages for right of way in establishing a drainage system, held, that no court should assume that in preparing specifications for the construction of a ditch, the plain statute law is going to be violated. So held, in constru-ing Laws 1907, Chap. 134, Sec. 18, providing that any ditch,

drain or water course, which is now or may hereafter be con-
structed so as to prevent surface or overflow waters from
entering the same, is hereby declared a nuisance and may be
abated as such; and the trial court could not, nor can the
Supreme Court assume that the proper openings will not be
made in any embankment made upon the south side of the
ditch in question in order to allow surface and overflow waters
to pass into the ditch.

**4.   Appeals—Error—Right Decision, Erroneous Reasons—Affirmance.**
Where the trial court arrived at a right result, although its
reasons, or a portion of its reasons, were erroneous, an appel-
late court will not overturn a right result, although the reason
therefor may be wrong.

Appeal from Circuit Court, Clay County.    Hon. ROBERT B.
TRIPP, Judge.

See, 30 S. D. 79, 137 N. W. 608; 31 S. D. 496, 141 N. W.
393.

Drainage proceedings in which C. M. Snow is claimant,
upon a hearing before drainage commissioners for establishment
of the Yankton-Clay County Drainage Ditch, for damages for
right of way of said ditch, etc. From a judgment disallowing
claimant's claim, and from an order denying a new trial, claim-
ant appeals.    Affirmed without prejudice, etc.

*H. G. Tilton, Gunderson & Gunderson,* and *Bogue & Bogue,*
for Appellant.

*Payne & Olson,* and *French & Orvis,* for Respondent.

(1) To point one of the opinion, Appellant cited:   Laws
1909, Chap. 102, Secs. 2, 3; In re Sorenson Drainage Ditch, 27
S. D. 342; Walker v. Ry., 103 Mass. 10, 4 Am. Rep.       ; Lewis
on Eminent Domain, (3d Ed.) Vol. 1, pp. 56 to 65; Richardson
v. Board, 26 So. 963; Berdlen v. City of Portage, 48 N. W. 213.

Respondent cited:   Cairo & Vincennes R. R. Co. v. Stevens,
73 Ind. 278; Hoard v. City of Des Moines, (Iowa) 17 N. W.
527; Taylor v. Fickas, 64 Ind. 167; Lamb v. Reclamation Dis-
trict No. 108, (Cal.) 14 Pac. 625; 2 Am. St. Rep. 775; Gould
on Waters, (3d Ed.) Secs. 276, 275; Lewis on Eminent Domain,
(3d Ed.) Vol. I, pp. 62, 67.

(3) To point three of the opinion, Respondent cited:   March
v. Portsmouth & Concord Railway Company, 19 N. H. 372;
Spencer v. Hartford, P. & F. Ry. Company, 10 R. I. 14; New-
grass v. St. Louis, etc., Ry. Co., (Ark.) 15 S. W. 188.

GATES, J. After the decision of this court in Re Yankton-Clay County Drainage Ditch, 30 S. D. 79, 137 N. W. 608, and upon rehearing, 31 S. D. 496, 141 N. W. 393, the matter came before the joint boards of Yankton and Clay counties upon the assessment of damages. The appellant herein, C. M. Snow, claimant, presented a claim for $7,000 damages to the southwest quarter of section 15, township 92, range 52, as follows, which said land lies 80 rods south of the ditch as established:

"(1) Damage to said land in preventing the overflow waters from the Missouri and James rivers from passing off said lands, because of the embankments thrown up by the construction of said ditch and laterals, which will dam the waters back on said land, in the sum of $2,000. (2) Diminution of the value of the land by reason of the construction of said drainage ditch and laterals thereto, in the sum of $5,000."

The joint boards allowed this claim in full. An appeal was taken to the circuit court of Clay county, wherein said claim was wholly disallowed. From the judgment and an order denying a new trial, claimant appeals.

Broadly speaking, two-thirds of the drainage area of this ditch lies north of the ditch and one-third to the south. It is the theory of appellant that the ditch will be so constructed that the spoil banks will be thrown up on the south side of the ditch, which will prevent the overflow waters from the Missouri and the James rivers from emptying into the ditch, and thereby damage appellant more than he would be damaged by overflow if there were no ditch, because the overflow would be restricted to one-third of its natural area.

[1] The learned trial court was of the opinion that it had no jurisdiction to allow damages to land not traversed by the ditch, basing its decision presumably upon the provisions of section 5, c. 134, Laws 1907, as amended by section 3, c. 102, Laws 1909, viz.:

"If they find the drainage proposed or any variation thereof conducive to the public health, convenience or welfare or necessary or practicable for draining agricultural lands they shall establish the drainage and shall assess the damages sustained by each tract of land or other property through which the same

shall pass and the damages as compensation for the land taken for the route of such drainage."

On the other hand, the same section says:

"Any person interested may be heard in the matter of damages or compensation for land and the determination of the board of county commissioners shall be final unless appeal therefrom as provided in this act shall be taken."

And section 4, c. 134, Laws 1907, as amended by section 2, .c 102, Laws 1909, provides:

"Said notice shall summon all persons affected by the proposed drainage to appear at said hearing and show cause why the said drainage should not be established and constructed and shall summon all persons deeming themselves damaged by the proposed drainage or claiming compensation for the lands proposed to be taken for the drainage to present their claims therefor at said hearing."

We are of the opinion that the restriction of damages to lands which the ditch traverses would violate Const. art. 6, §§ 2, 13, because such restriction might result in depriving a person of his property without due process of law and might result in damage to his property without compensation. But in so holding it must not be understood that the claimed damages can be fanciful, speculative, remote, or imaginary. Peoria & Pekin Un. Ry. Co. v. Peoria & Farmington Un. Ry. Co., 105 Ill. 110; Lewis, Eminent Domain (3d Ed.) pp. 56-65.

[2] In the present case the damages claimed were wholly imaginary, because it nowhere appeared that the embankment upon the south side of the ditch was to be continuous. As we understand the record, the specifications for the construction of the ditch had not then been adopted. Following is a fair sample of the evidence sought to be introduced by claimant, with the objections and rulings of the court thereon; however, it must in fairness be stated that in some instances the trial court sustained objections solely on the ground hereinbefore adverted to:

"Q. Mr. Finley, assuming that this ditch were to be constructed as planned, and the excavation of the dirt along its full length would throw up an embankment of various heights, varying from a few feet to 12 or 15 feet, and assuming, again, that the Missouri and James rivers were to overflow their banks and

flood waters come out on the south of this ditch and flow north across this bottom in the direction of the ditch, what effect would this embankment have upon those waters when they came in contact with the bank? (Objected to: First, on the ground that it does not appear that this witness is competent to testify in response to that question; and, second, it does not appear what kind of banks of earth may be thrown up on either side of this ditch, nor how many openings, or the size of openings, that may be left in these banks, nor does it appear what the height or the elevation of land either north or south of the line of the proposed drainage ditch is, nor does it appear what the shallowest parts of the ditch will be, and for the further reason that this question relates to matters that are purely imaginary or speculative, and are too remote and inappreciable and too imaginative to be considered in any court, and for the further reason that the court in this proceeding cannot possibly award damages to Mr. Snow because his land is 80 rods distant from the nearest point of the ditch, and the question is incompetent and irrelevant for every purpose. Objection sustained. Exception allowed.)"

[3] No court should assume that in preparing specifications for the construction of a ditch the plain statute law is going to be violated. Section 18, c. 134, Laws 1907, provides:

"Any ditch, drain or water course which is now or may hereafter be constructed so as to prevent the surface and overflow water from the adjacent lands from entering the same is hereby declared a nuisance and may be abated as such."

The trial court could not therefore assume, nor can this court assume, that the proper openings will not be made in any embankment made upon the south side of this ditch in order to allow surface and overflow waters to pass into the ditch.

[4] We therefore think that the trial court arrived at a right result, although its reasons, or a portion of its reasons, were erroneous. It is well settled that an appellate court will not overturn a right result, although the reason therefor may be wrong.

The judgment and order appealed from are therefore affirmed, but in order that no possible injustice may be done to claimant, and probably out of excess of precaution, it is ordered that such affirmance be without prejudice to the right of claim-

ant to move to reopen the judgment after the ditch is fully completed, and within one year from the time it is accepted by the joint boards.