PLUCKER, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY et al, Respondents.

(203 N. W. 208.)

(File No. 5847. Opinion filed April 6, 1925.)

**Appeal and Error—New Trial—Court Rules—Respondent Held Entitled to Set Up Grounds Not Specified to Sustain Order Granting New Trial.**

Trial courts rule 30, providing that grounds for new trial, urged on motion and not specified in order, are deemed overruled, does not preclude respondent from showing that order is sustainable on ground not specified in order, and appellate court will sustain order where any grounds sustain it.

Appeal from Circuit Court, Minnehaha County; Hon. JOHN T. MEDIN, Judge.

Action by Joe Plucker against the Chicago, Malwaukee & St. Paul Railway Company and another. From an order granting defendant's motion for new trial, plaintiff appeals. On appellant's motion to strike respondents' brief from file. Motion denied.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.
*Grantham & Hepperle,* of Aberdeen, for Respondents.

Appellant cited: Norman v. Miller, 40 S. D. 399; Frank v. Ruzicka (S. D.), 185 N. W. 371; Balk v. Sachs (S. D.), 195 N. W. 837.

GATES, J. Trial courts rule 30 is as follows:

"The trial court, when granting a motion for new trial shall, in its order, specify each and every ground upon which it bases such order; all grounds urged upon such motion and not specified in the order shall be deemed to have been overruled by the trial court."

In this case judgment went for plaintiff. Defendants moved for a new trial upon a number of grounds. The trial court granted a new trial, and in the order expressly stated one ground therefor. Plaintiff has appealed from such order. Respondents in their brief discuss, not only the issue raised by the designated ground, but also other grounds specified in their motion for new trial. Appellant moves to strike respondents' brief from the files, because it is not confined to the one issue.

The motion must be denied. Rule 30 was primarily intended

to simplify the procedure by which appellant could obtain a review in this court of an order granting new trial. It was not thereby intended to preclude respondents from showing that even if the trial court erred in granting a new trial on a specified ground, yet that it did not err if all of the grounds specified before the trial court be considered. It might be productive of great injustice to construe the rule as contended for by appellant. For instance, if in this case the trial court erred in the ground on which it granted a new trial, the result of plaintiff's appeal, according to his construction of rule 30, would be a reinstatement of the judgment, although there may be one or more other grounds upon which the order granting new trial might be sustained. This court has frequently held that an appellate court will not overturn a right result, although the reason therefor may be wrong. In re Yankton-Clay County Drainage Ditch, 38 S. D. 168, 160 N. W. 732.

The motion will be denied. Appellant may have 10 days within which to serve and file a reply brief, if he shall so elect.

CAMPBELL, J., not sitting.

Note.—Reported in 203 N. W. 208. See, Headnote, American Key-Numbered Digest, Appeal and error, Key-No. 854(6), 4 C. J. Sec. 2556.