SECURITY STATE BANK, Respondent, v. SYKORA, Respondent.

(214 N. W. 809.)

(File No. 6174.   Opinion filed July 9, 1927.)

1. **Appeal and Error—If Trial Court, for Any Reason Should Have Directed Verdict, Supreme Court Need Not Decide Whether Reasons Assigned Therefor Were Tenable.**

On appeal from judgment on directed verdict, if trial court for any reason should have directed the verdict, the Supreme Court need not decide whether reasons assigned therefor are tenable.

2. **Bills and Notes—Directed Verdict in Bank's Action on Note Held Proper Under Evidence.**

In bank's action on note, in which defendant admitted execution and delivery and pleaded by counterclaim that he was entitled to credit with bank for note of a third person and mortgage on an automobile left with bank under agreement for credit with bank's cashier, directed verdict for plaintiff was proper under evidence that note and mortgage were payable to defendant and that he had never transferred or assigned them to bank and defendant's admission after apparent abandonment of transaction that he owed bank on note in suit executed thereafter.

3. **Banks and Banking—Bank's Agreement that if Defendant Paid Third Person's Note Bank Would Credit Defendant's Account Held Without Consideration.**

> In bank's action on note, defendant's counterclaim, alleging
> bank's promise to defendant that if he would pay a third per-
> son's note to bank it would give him credit for amount
> paid on his account with bank, held not to state cause of action,
> there being no consideration for bank's alleged promise.

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Ap-
peal and error, Key-No. 854(5), 4 C. J. Sec. 2557; **(2)** Bills and
notes, Key-No. 537(1), 8 C. J. Sec. 1371; **(3)** Banks and banking,
Key-No. 226, 7 C. J. Sec. 564 (Anno.).

As to matter of directing verdict, see Bancroft's Code Practice
and remedies, Vol. 2, pg. 1904.

Appeal from Circuit Court, Charles Mix County; Hon. R. B.
Tripp, Judge.

Action by the Security State Bank against R. F. Sykora, in
which defendant filed counterclaim. From a judgment for plain-
tiff, and an order overruling a motion for a new trial, defendant
appeals. Judgment and order affirmed.

*H. A. Doyle,* of Yankton, and *A. J. Cassidy,* of Lake Andes,
for Appellant.

*Wicks & Quinn,* of Scotland, for Respondent.

BURCH, J. This is an action upon a promissory note ex-
ecuted and delivered by defendant to plaintiff, dated June 1, 1923,
due January 1, 1924, for $1,500, with interest at 9 per cent. The
answer admits the execution and delivery of the note, and pleads
two counterclaims. For a proper understanding of the counter-
claims, the following facts are stated: Defendant is a dealer in
automobiles at Dante, and in 1920 sold an Oldsmobile for $2,050
to one Kloucek. Kloucek paid on the automobile a sufficient
amount to reduce the sum due thereon to $1,687.50 and gave a
note to defendant for the balance. At this time defendant was
owing the plaintiff a considerable sum of money. Defendant
pleads in one counterclaim that Fousek, cashier of the plaintiff
bank, called defendant into the bank and stated to him that he
desired to reduce the amount of excess loans and that he had
tried to get Kloucek, who was also owing the bank a large sum
of money, to give a mortgage on the Oldsmobile that he had pur-
chased of defendant; that Kloucek refused to give such mortgage
to the bank and said that if he gave a mortgage on the automobile
he felt that he should secure the note given for its purchase price

to defendant; Fousek then proposed that if defendant would obtain a mortgage on the Oldsmobile and a second mortgage on the other property of Kloucek (the bank already having a first mortgage), the bank would take over the note secured by the mortgage and give defendant full credit on his indebtedness for the amount of said note; that defendant procured such note and mortgage and left them with the said Fousek; and that the credit was never given, as promised. He asks judgment for the amount of the note, $1,678.50, as a set-off against the note.

As to the other counterclaim, defendant sold one Zephier an automobile, receiving full payment in cash, $350 of which was paid by Zephier directly and $750 was borrowed of plaintiff bank for which Zephier gave the bank a note and a mortgage on the automobile. Zephier was an Indian and afterwards died without having paid his note to the bank. Defendant pleads as a counterclaim that Fousek asked defendant to pay the Zephier note and promised if he would do so that he would give the defendant credit for the amount paid on defendant's account, and that this agreement had not been carried out.

At the close of all the testimony, plaintiff moved for a directed verdict, which was granted, and a verdict was returned for plaintiff for the full amount of the note and interest. From a judgment rendered thereon and an order overruling a motion for new trial, defendant appeals.

[1, 2] We will first consider the action of the court in directing a verdict. We need not decide whether the reasons assigned for a directed verdict are tenable, if the court for any reason should have directed a verdict for respondent. The evidence concerning the Kloucek note to support the counterclaim on that transaction depends upon the testimony of appellant. He says he was owing the bank when Fousek, the cashier, promised that if he would get a note and mortgage of Kloucek the bank would take such note and mortgage and give the appellant credit on his indebtedness; that he got the note and mortgage and left them with the bank but did not get the credit. But he says the note and mortgage were made payable to him as payee, and that he never transferred or assigned either to the bank. Until this was done, he was not entitled to such credit. If the bank did agree to take such note and mortgage, it was an executory con-

tract not performed on either side. If such contract was made, it was never executed and was apparently abandoned, for the note in suit was given long after the Kloucek note and mortgage were left with Fousek, and Cash, an officer of the bank, testified that about the 1st of January, 1924, he had a conversation with appellant about the note in suit and appellant acknowledged he owed it. This conversation is not denied by appellant. No offer to transfer and assign such note and mortgage was made at the trial or at any other time. Appellant was not prejudiced by a directed verdict against him on this counterclaim, nor by any ruling of the court on the evidence pertaining to it, there being no evidence excluded pertaining to the performance of the contract on his part. In fact, he does not claim to have performed, but contents himself with proof that the note and mortgage were left with Fousek.

There are more than 70 assignments of error pertaining to the receipt and rejection of evidence and offers of proof, but none of them need be reviewed here. Appellant's counterclaim does not plead a conversion of the note and mortgage. An attempt was made to prove the bank attempted to foreclose the mortgage at one time, but none of this was material under the issues. Some of the evidence seeks to corroborate appellant's testimony, but if all his testimony be accepted as true it is insufficient to support his claim. No prejudice appears upon the rulings of the trial court.

[3] The other counterclaim does not state a cause of action on its face. The effect of the transaction pleaded is that the bank, desiring payment of the Zephier note, was willing to give to appellant credit on his indebtedness for the full amount which he would pay on the Zephier note. If the payment was, in fact, made on the Zephier note, nothing was paid on appellant's indebtedness and there was no consideration for a promise to credit appellant's account. If the payment was, in fact, a payment of the indebtedness of appellant, then there was no consideration for canceling and delivering the Zephier note.

Finding no prejudicial error on the record, the judgment and order appealed from are affirmed.

CAMPBELL, P. J., and GATES, POLLEY, and SHERWOOD, JJ., concur.