KEITH, Appellant, v. SCHIEVELBEIN, Respondent.

(220 N. W. 858.)

(File No. 5974. Opinion filed August 18, 1928.)

*A. J. Keith,* of 'Sioux Falls (*F. L. Rowland,* of Carthage, of counsel), for Appellant.

*Muller & Conway,* of Sioux Falls, for Respondent.

MISER, IC. This appeal is from an order sustaining a demurrer to a complaint. The complaint alleged that plaintiff, appellant herein, as attorney for Farmer's Bank of Humboldt, prepared a summons and complaint asking judgment against defendant, which summons and complaint were served on defendant on January 22, 1924; "that on the 24th day of March, 1924, the plaintiff prepared an attorney's lien in the sum of $99.81 for money advanced as costs and for services rendered the Farmers' Bank of Humboldt, and said attorney's lien was served on the defendant, Gust Schievelbein, on the 24th day of March 1924;" that thereafter defendant paid to the bank the full amount sued for of $575 and interest; that plaintiff has made due demand on defendant for the payment of the attorney's fees and costs, no part of which has been paid by the bank nor by defendant.

Respondent's demurrer was on the following grounds: First, that there is a defect of parties defendant; second, that the complaint does not state facts sufficient to constitute a cause of action against this defendant; and, third, that the complaint does not state facts sufficient to confer jurisdiction of the subject-matter of the action on this court.

Appellant contends that, although the order appealed from specifically states that the demurrer is in all parts sustained, yet, by reason of the fact that thereinbefore it is recited that there is a defect of parties defendant, the only question before us is whether there is a defect of parties defendant, and that the objection that the complaint does not state facts sufficient to constitute a cause of action is not before this court. With this contention we do not agree. If the demurrer should have been sustained by the trial court for the reason that the complaint does not state facts sufficient to constitute a cause of action against the defendant, its action in sustaining the demurrer will not be reversed by this court; for "it is the ruling itself and not the reason therefor with which the reviewing court is concerned." 4 C. J. 664. On this point the

following language of the California court in Billesbach v. Larkey, 161 Cal. 649, 120 P. 31, is particularly applicable:

"There were, however, several other causes of demurrer assigned. If we find the ruling justifiable on any of the other grounds, the judgment must be affirmed. We can not take notice of the supposed reasons of the court below and we are not confined to those reasons in considering the rights of the parties upon the appeal."

This court has frequently held that "an appellate court will not overturn a right result, although the reason therefor may be wrong." In re Yankton-Clay County Drainage Ditch, 38 S. D. 168, 160 N. W. 732; Plucker v. C., M. & St. P. Ry. Co., 48 S. D. 185, 203 N. W. 208; Security State Bank v. Sykora, 51 S. D. 407, 214 N. W. 809.

We are of the opinion that the complaint does not state facts sufficient to constitute a cause of action. Section 5266, R. C. 1919, so far as material herein, is as follows:

"An attorney * * * has a lien for a general balance of compensation in and for each case upon * * * money due his client in the hands of the adverse party * * * from the time of giving notice in writing to such adverse party, * * * which notice shall state the amount claimed and, in general terms, for what services."

Assuming the language of the complaint quoted to mean that appellant served on respondent a written notice that he claimed an attorney's lien, as the statutes specifically requires, the contract between the parties is not pleaded, nor is it alleged that the amount claimed is the reasonable value of his services, nor does he state in general terms for what services the money is due.

"In a proceeding to enforce a lien, every fact essential to the existence thereof must be stated. The amount due must be alleged, either by stating the contract fixing the amount, or by averring the value of the services charged for." 6 C. J. 802.

Inasmuch as the complaint did not state a cause of action, the demurrer was properly sustained. It is not necessary to decide whether it might have been sustained on other grounds.

The order appealed from is affirmed.

BURCH, P. J., and CAMPBELL, SHERWOOD, and BROWN, JJ., concur.

POLLEY, J., dissents.