CORSICA STATE BANK, Respondent, v. HEEZEN, Appellant.

(222 N. W. 671.)

(File No. 6219. Opinion filed December 31, 1928.)

*Walker & Gurley,* of Armour, for Appellant.

*John W. Addie,* of Armour, and *Hitchcock & Sickel,* of Mitchell, for Respondent.

CAMPBELL, J. Plaintiff bank sued in the usual form to collect the amount due on a promissory note executed by defendant in the principal sum of $5,000, dated October 22, 1920. By way of defense plaintiff admitted the execution of the note in question, but set up that the note sued upon was a renewal or second renewal of an original promissory note given by defendant to plaintiff bank on April 17, 1919, the sole consideration for which was 30 shares of capital stock of Commercial & Savings Bank of Sioux Falls, S. D., and that defendant was induced to purchase said capital stock and execute and deliver to plaintiff bank the original note of April 17, 1919, by reason of divers false and fraudulent representations with reference to the condition of the Commercial & Savings Bank of Sioux Falls, made to defendant at and shortly prior to April 17, 1919, which false and fraudulent representations are set out at much length in the answer and of all of which fraud it is alleged plaintiff bank had knowledge, and the prayer of the answer is for dismissal of the action upon the merits.

By way of contradiction of the truth of defendant's claim as set up in his answer that the original note of April 17, 1919, was given for stock in Commercial & Savings Bank and would not have been executed but for false and fraudulent representations made to defendant with knowledge of plaintiff bank regarding the Commercial & Savings Bank and the capital stock thereof at and prior to the execution of said note on April 17, 1919, it appears to have been the position and contention of plaintiff bank that the original note of April 17, 1919, was not in fact given in payment for capital stock of the Commercial & Savings Bank of Sioux Falls at all, but was given in payment for 30 shares of stock in a different corporation, to wit, Farmers' Loan & Trust Bank, and that Commercial & Savings Bank stock did not enter into the proposition in any manner until some two months after defendant had agreed to purchase 30 shares of stock in Farmers' Loan & Trust Bank and had given to plaintiff bank the note in suit, when by an agreement between defendant and one Wenzlaff, defendant agreed, in substance, to

accept 30 shares of Commercial & Savings Bank stock in lieu of the 30 shares of Farmers' Loan & Trust Bank stock for which he had contracted on April 17, 1919. Defendant continued to contend at all times that his original agreement at the time the note was given, and his only agreement, was to purchase Commercial & Savings Bank stock. There was offered and received in evidence at the trial an instrument known in the record as Exhibit 3, apparently upon the letterhead of Commercial & Savings Bank, which was in substance as follows:

"Agreement: June 20, 1919, I hereby agree to accept of Edgar G. Wenzlaff, 30 shares of the capital stock of the Commercial and Savings Bank of Sioux Falls, South Dakota, in lieu and in consideration of 30 shares of the Farmers Loan & Trust Bank stock, purchased under date of April 17, 1919.

"Wm. Heezen.

"In presence of:

L. A. Dice, for Wm. Heezen."

With reference to the purported signature, "Wm. Heezen," on Exhibit 3, defendant testified at the trial that it was not his signature to the best of his knowledge; that he did not think the signature was his.

After the defendant had disavowed the signature on Exhibit 3, he admitted as his the signature "Wm. Heezen" on a document identified in the record as Exhibit 4, appearing to be an appointment signed by defendant, bearing date December 27, 1919, designating a proxy to vote his 30 shares of the capital stock of Commercial & Savings Bank at a stockholders' meeting to be held January 13, 1920. He also admitted the signature "Wm. Heezen" on an instrument identified in the record as Exhibit 5, apparently bearing date February 26, 1921, appointing a proxy to vote 30 shares of the capital stock of Commercial & Savings Bank at a stockholders' meeting to be held March 9, 1921. He also admitted the genuineness of the signature "Wm. Heezen" indorsed on the back of an instrument identified in the record as Exhibit L, apparently being a dividend check dated December 20, 1919, issued by Commercial & Savings Bank to the order of Wm. Heezen. The instruments, Exhibits 4, 5, and L, were offered in evidence for the purpose of showing that at the dates thereof defendant was still exercising the rights of a stockholder in Commercial & Savings Bank

and had waived any rights of rescission that he might have had. The court refused to permit the exhibits to be received for that purpose. Thereupon plaintiff bank offered the instruments, Exhibits 4, 5, and L, as admitted signatures of defendant Heezen for the purpose of comparison by the jury with the signature on Exhibit 3 disavowed by defendant. The offer of the exhibits for this purpose was also rejected, it apparently being the theory of the learned trial judge that a genuine signature could not be admitted in evidence for comparison with the questioned signature unless such genuine signature was "involved in the case" and also admissible in evidence upon some other and different grounds. The situation appears quite clearly when, after the defendant had admitted the genuineness of his indorsement signature on the check, Exhibit L, and that exhibit was specifically offered, as stated by counsel, "for the purpose of showing the admitted signature of Mr. Heezen for the purpose of comparing it with the signature on Exhibit 3," the court said, "It isn't a signature that is involved in the case. Objection sustained."

The case was submitted to the jury with only one admitted signature in evidence for comparison with the disputed signature on Exhibit 3, being the signature of defendant on the note in suit which the court appears to have admitted for comparison on the theory that it was also otherwise involved in the case. The jury returned a general verdict in favor of the plaintiff for the sum of $1,458.33. The complaint was upon a promissory not for $5,000, and the prayer for judgment was for the full amount of the principal of said note and accrued interest. How the jury could have arrived at a verdict for plaintiff in the sum of $1,458.33 upon the pleadings in this case we are unable to see, but it is explained by appellant in his brief as being "pursuant, evidently, to an instruction of the court permitting a verdict of $1,000 and interest on a renewal note of $1,000 which plaintiff contended had been sold by them to a correspondent bank and afterwards taken up by plaintiff bank."

There was also submitted to the jury a special interrogatory in the following form:

"The jury are informed that for a proper decision of this case it is necessary and proper that they should answer the following question in accordance with the evidence in the case: Did defend-

ant Heezen sign this writing in evidence marked Exhibit 3 for identification?"

To which special interrogatory the jury returned the answer: "No."

In due course thereafter plaintiff bank served notice of intention to move for a new trial on the following grounds:

"1st. Insufficiency of the evidence to justify the verdict and that the said verdict is against law.

"2nd. Newly discovered evidence material to the plaintiff which plaintiff could not with reasonable diligence have discovered and produced at the trial.

"3rd. Errors in law occurring at the trial and excepted to by the plaintiff."

The motion was duly brought on for hearing upon a settled record and upon affidavits relating to the ground of newly discovered evidence, and among the specifications of error in law duly set out in the settled record were specifications numbered 1, 10, and 11, respectively, which severally predicated error upon the rulings of the court in refusing to receive in evidence for purposes of comparison of signatures Exhibit 4, Exhibit 5, and Exhibit L, as hereinbefore related.

The newly discovered evidence referred to in the affidavits upon that point consists of an instrument denominated in the record as Exhibit A, reading as follows:

"No. 93.
"Application to Edgar G. Wenzlaff for Shares in the Farmers' Loan & Trust Bank.
"Capital, $500,000 Par Value per Share $100.
"Sioux Falls, South Dakota.
"Amount $6,000.00.

,"I hereby subscribe for and purchase 30 shares of the Capital Stock of the Farmers' Loan & Trust Bank, and agree to pay therefor $200.00 per share as follows:

"$1,500.00 cash with this subscription.

"One note for $4,500.00 payable on or before Jan. 1st, 1920, with interest at the rate of * * * per cent per annum from date until paid. As soon as said payments have been completed in cash, a stock certificate for the number of shares designated is to be de-

livered to me through Corsica State Bank, of Corsica, S. D., showing said stock to be fully paid.

"It is understood and agreed that should I fail or refuse to complete the payments provided for in this subscription, the amount paid thereon may be forfeited as liquidated damages.

"It is understood and agreed that this subscription contains the entire contract between the parties hereto as no agent is authorized to change, modify, or make any new conditions whatever.

"Settlements in conjunction with this subscription may be made to Edgar G. Wenzlaff, or any bank or banker that he may designate.

"Dated and signed this 17th day of April, 1919. Wm. Heezen, Subscriber. Armour, S. D., P. O. Address. Farmer, Occupation. J. M. Davis, Agent."

The materiality of this exhibit, if in fact it was signed by defendant as it purports to be at the date it bears, is hardly open to question in the present state of the pleadings in this action.

After the hearing upon plaintiff's motion for new trial the court made the following order granting a new trial and allowing exceptions:

"Plaintiff's motion for a new trial in this action having heretofore been submitted by the parties on the settled record and on the affidavits of Vernon R. Sickel and Karl Fromm in support of the motion, and the affidavit of Zenas R. Gurley, Wm. Heezen and Wesley Dunbar in opposition thereto, and the court having decided a new trial should be granted on the ground of newly discovered evidence, it is so ordered. To which the defendant excepts and his exception is hereby settled and allowed; and the plaintiff excepts on the ground that the motion was not granted on the insufficiency of the evidence under the assignments in the settled record, and the errors of law therein specified, and the same is hereby settled and allowed."

And from that order defendant has perfected his appeal to this court.

■ Conceding the truism that all litigation ought some time to come to an end, it has nevertheless been the uniform holding of this court that an order granting a new trial would not be reversed unless there is shown a clear and manifest abuse of discretion, and that a stronger case of abuse of discretion is necessary to reverse

an order granting a new trial than is requisite to reverse an order denying a new trial. Rochford v. Albaugh (1903) 16 S. D. 628, 94 N. W. 701, and cases cited; Security, etc., Bank v. Bank of Centerville (1923) 46 S. D. 440, 193 N. W. 670; Clarke v. Pelter (1923) 46 S. D. 595, 195 N. W. 442; Williams v. Rice (1926) 50 S. D. 301, 209 N. W. 958.

It is to be observed that the reason specified by the learned trial judge for granting the new trial was the newly discovered evidence consisting of Exhibit A. Appellant has devoted his brief primarily to this matter and to the sufficiency of the showing of diligence with reference thereto, and earnestly urges that the showing of respondent was entirely insufficient to justify the granting of a new trial upon that ground. Respondent, however, has brought into the record all the matters urged upon the motion for new trial, and now maintains, not only that the granting of such motion was justified upon the ground of the newly discovered evidence as stated by the trial judge, but that in any event the motion for new trial should have been granted upon the other grounds urged, and particularly because of the error of the trial court in refusing to receive in evidence for comparison of signatures the Exhibits 4, 5, and L hereinbefore referred to.

It is, of course, the law that if the decision of the court below was correct, it matters not what reasons were assigned therefor, nor does it matter whether the lower court was correct in its determination as to the questions which, in fact, it did determine in arriving at such decision. Thompson v. Roberts (1902) 16 S. D. 403, 92 N. W. 1079; Shelby v. Bowden (1903) 16 S. D. 531, 94 N. W. 416; Smith v. Bowder (1913) 31 S. D. 607, 141 N. W. 786; State ex rel v. Kelley (1913) 32 S. D. 526, 143 N. W. 953; In re Yankton, etc., Drainage Ditch (1916) 38 S. D. 168, 160 N. W. 732; Security, etc., Bank v. Sykora (1927) 51 S. D. 407, 214 N. W. 809.

It is true that trial court rule 30 requires that when a motion for new trial is granted the order shall specify the grounds upon which the order is based, and other grounds urged shall be deemed to have been overruled, but this court has previously held, and we think correctly, that this rule "was primarily intended to simplify the procedure by which appellant could obtain a review in this court of an order granting new trial. It was not thereby in-

tended to preclude respondents from showing that even if the trial court erred in granting a new trial on a specified ground, yet that it did not err if all of the grounds specified before the trial court be considered." Plucker v. C. M. & St. P. Ry. Co. (1925) 48 S. D. 185, 203 N. W. 208.

 Pursuant to the doctrine of the Plucker Case, respondent has caused the record on appeal to show affirmatively that among other matters presented by the motion for new trial there were properly presented for reconsideration the rulings of the trial court in rejecting Exhibits 4, 5, and L. Respondent urges that it was error to reject said exhibits under the circumstances of this case, and in this we believe respondent is correct. It is the law in this state that where the genuineness of a signature is in controversy, other signatures admitted or proved to be genuine are admissible in evidence for use by the jury as a standard of comparison, even though such "standard signatures" are not otherwise connected with the case and not admissible for other purposes. Mississippi Lumber & Coal Co. v. Kelly (1905) 19 S. D. 577, 104 N. W. 265, 9 Ann. Cas. 449.

It would doubtless be within the discretion of the trial court to limit the number of standard signatures admitted for comparison, but in the instant case the genuineness of the signature to Exhibit 3 was so directly in issue that a special interrogatory was submitted to the jury on that question, and the answer was returned that the signature was not the signature of appellant. The only standard signature in the case for comparison was that upon the note in suit.

 Under the circumstances of this case we think it was error to refuse to admit for purposes of comparison of signature Exhibits 4, 5, and L, and upon that point alone a new trial might well be granted and probably should be granted. Upon the record, therefore, it cannot be said that the trial judge abused his discretion to the prejudice of appellant when he entered an order granting a new trial, and it therefore becomes unnecessary for us to undertake to determine the question, which in the instant case we believe is a close one, of whether there was sufficient showing of diligence with reference to the search for and discovery of Exhibit A to justify the reason assigned by the trial court for granting a new trial, to wit, such newly discovered evidence.

Being of the view that the new trial was properly granted re-

gardless of whether or not the reason assigned therefor would of itself without more be sufficient basis for such order, the order must be and it is affirmed.

BURCH, P. J., not sitting.

POLLEY, SHERWOOD, and BROWN, JJ., concur.