IND. SCH. DIST., No. 1, Springfield, Appellant, v. BORDEWYK, Respondent.

(241 N. W. 619.)

(File No. 7288. Opinion filed March 15, 1932.)

C. C. *Puckett,* of Tyndall, and *A. J. Wilcox,* of Springfield, for Appellant.

*E. E. Empey,* of Springfield, for Respondent.

CAMPBELL, P. J. Plaintiff school district maintains a high school of twelve grades. So likewise does Tyndall independent school district. Defendant Bordewyk, a married man with family, was a resident of plaintiff school district for fourteen years prior to March 1, 1929, and was a resident thereof with his family at the time the annual official school census for the year 1928 was taken. March 1, 1929, defendant Bordewyk removed with his family from plaintiff school district and established his residence in Tyndall independent school district. Plaintiff school district is entitled to charge tuition for nonresident pupils in its high school in the amount of $12 per month.

Defendant Bordewyk has a brother, J. H. Bordewyk, who has resided in plaintiff school district for more than ten years and still resides there. When defendant removed with his family to Tyndall March 1, 1929, his minor daughter, Viola, who had always been a member of his family, was attending plaintiff district's high school. Upon the removal of her father and the other members of the family, she remained in plaintiff district, staying at the home of her uncle J. H. Bordewyk, and continued to attend plaintiff's high school until the end of the school year, when she graduated with the senior class. Thereupon she left immediately for Tyndall and again took up her actual residence with her father's family. While staying with her uncle for the last three months of the school year, he made no charge to her or her father for her room or board, but she helped with the housework and "was the same as one of the family." Her uncle bought no wearing apparel or anything of that kind for her, nor did he furnish her any money excepting occasionally to give her money to attend a moving picture show.

Under these circumstances, plaintiff school district, apparently contending that the residence of the minor Viola, as a matter of law, followed the residence of her father, and that she was therefore, from March 1, 1929, to the end of the school year, a resident of Tyndall school district and a non-resident of plaintiff school district, whose school she attended, instituted suit against the father in justice court to recover tuition for the attendance of Viola at plaintiff's high school from the period March 1 to the end of the school year in the amount of $37.80.

Plaintiff had judgment in the justice court, and defendant appealed to the circuit court, where there appears to have been a trial de novo, jury waived. Most of the facts were stipulated in the circuit court, and at the conclusion of the trial the court made findings and conclusions in favor of defendant holding that there should be no recovery, and arrived at its result upon the theory that during the period March 1, to May 29, Viola's uncle, in whose home she was then actually staying, stood to her in loco parentis, by virtue of which fact she was entitled to attend school in plaintiff district, where he (the uncle) resided, without tuition, regardless of the fact that her father and family were no longer residents of the district.

From judgment entered in favor of defendant, pursuant to said findings and conclusions, and from denial of its motion for new trial, plaintiff school district has now appealed.

■ Appellant insists that the evidence is entirely insufficient to establish that the uncle J. H. Bordewyk stood in loco parentis to the minor Viola. In this contention we think appellant is entirely correct. However, at the time involved in this action there was in force in this state section 7517, Rev. Code 1919, as amended by chapter 155, Laws 1925 (subsequently repealed by chapter 138, Laws 1931), which was in part as follows: "Provided, that for the purpose of interpreting the provisions of this act and all other acts relating to the payment of tuition for the schooling of non-resident pupils, a child shall be considered a resident of the school district in which his parents, guardian or persons sustaining the relation of loco parentis, resided at the time of the official enumeration of the last school census."

■ ■ The constitutionality of this statute in some respects, and particularly with reference to some possible interpretations thereof and implications therefrom, might well be questioned in a proper case and by proper parties. Under the terms of the statute, however, it would seem that a child who resides with its parents in a given school district at the taking of a school census is entitled to attend the free public schools of that district without charge for tuition until the taking of the next school census. To that limited extent, at least, the statute is not open to constitutional objection. Under the law in effect at the time here involved (section 7589,

Rev. Code 1919), the school census was to be taken on or before the first Monday of June of each year. The record in this case fails to show when the 1929 school census was taken, and the record fails to show that such census was taken on or before May 29, 1929, when Viola ceased to attend appellant's high school. Both Viola's father and uncle were residents of appellant school district when the 1928 school census was taken. The child Viola was therefore entitled to attend the public schools of appellant district as a resident pupil until the taking of the 1929 school census without payment of tuition, notwithstanding the fact that her father may have removed his actual residence from the school district in the interim. Tuition, therefore, was not chargeable for the child Viola, under the circumstances here appearing, whether she be considered as the daughter of her father, or as the ward of her uncle, standing to her in loco parentis.

The trial court having arrived at the right result, it is not material that it may have assigned erroneous reasons therefor. In re Yankton-Clay County Drainage Ditch, 38 S. D. 168, 160 N. W. 732; McDowell v. Jameson, 44 S. D. 480, 184 N. W. 251; Plucker v. C., M. & St. P. Ry., 48 S. D. 185, 203 N. W. 208; Security State Bank v. Sykora, 51 S. D. 407, 214 N. W. 809; Keith v. Schievelbein, 53 S. D. 421, 220 N. W. 858; Corsica State Bank v. Heezen, 54 S. D. 113, 222 N. W. 671.

The record before us would support no judgment excepting a judgment in favor of respondent.

We find no prejudicial error, and the judgment and order appealed from are affirmed.

POLLEY, WARREN, and RUDOLPH, JJ., concur.
ROBERTS, J., dissents.