STATE ex rel JOHNSON, Respondent, v. COTTON, et al, Appellants

(289 N. W. 71.)

(File No. 8285.   Opinion filed December 12, 1939.)

**Frieberg & Frieberg,** of Beresford, for defendants and Appellants.

**Harold M. Eastvold,** of Canton, for plaintiff and Respondent.

POLLEY, J.   The defendants Cotton, Dolan, Nissen and Wilson are the directors of the Beresford Independent School District No. 87.   Defendant Hogen is superintendent of the Beresford Public Schools situated in said district, and defendant Skarda is principal of the grade schools in said district.

The relator, J. O. Johnson, is the superintendent in charge of the Bethesda Children's Home situated in said school district.

The Bethesda Children's Home is a charitable institution owned by the Norwegian Lutheran Church of America, a Minnesota corporation, and is maintained for the purpose of providing a home for and caring for homeless children. It also is situated within the Beresford Independent School District No. 87.

The children in this home, of which there were 32 in number at the time of the commencement of this proceeding,

are all of school age. Prior to 1935 said Children's Home furnished school facilities complying with the requirements of the school law of this state for the children living therein. For the years 1935, 1936 and 1937 such children were sent to the public schools of the said school district where they were received by the school district authorities and accorded the same privileges as other children residing in the said school district.

At the beginning of the school year of 1938 said children were taken to the said Beresford school by the relator who requested that they be received into said school and be accorded the same privileges that had been accorded to them during the previous three years. This request was refused by the officers of the said school district, unless tuition were paid therefor. Relator, claiming that the children living at the said Children's Home had the same right to attend the public schools in said district, tuition-free, as other children living in the district, instituted this proceeding for the purpose of compelling the said school district authorities, by writ of mandamus, to admit the children from the said Home to the public schools of the said district without payment of tuition.

Findings of fact and conclusions of law were for relator and the court issued a permanent writ of mandamus requiring defendant to receive said children into the public schools of the district, tuition-free, and from said writ and the order denying defendants' motion for a new trial, defendants appeal to this court.

■■ By the provisions of Section 253, Chapter 138, Laws of 1931, SDC 15.3002 and 15.3004, each school district shall maintain a system of public schools, the privileges of which shall be free to all children of legal age who are residents within the district, and Section 275 of said Chapter (SDC 15.3201) requires that:

"Every person having under his control a child of the age of eight years and not exceeding the age of seventeen years, shall annually cause such child to regularly attend some public or private day school for the entire term during

which the public school in the district in which such person resides, or the school to which such child is assigned to attend, is in session, until the child shall have completed the first eight grades of the regular common school course, or shall have reached the age of seventeen years, * * *."

Under the evidence in the record there can be no question but that the relator, J. O. Johnson, had control of the children residing in the said Home within the meaning of Section 275, Chapter 138, Laws of 1931, SDC 15.3201, and that under the provisions of said section it was the duty of relator to cause said children to regularly attend some public or private school as required by said Section 275, Ch. 138, Laws of 1931, SDC 15.3201, so that the only question to be decided is whether the children living in the said Home were residents of the said school district within the terms of Section 253, Chapter 138, Laws of 1931, SDC 15.3004.

For a number of years prior to 1938 the children living in the Home had been enumerated on the school census of the Beresford District as inhabitants of said district, and based upon such census the authorities of the district have been collecting state apportionment money amounting in some years to more than $700.00. The inmates of the Home live therein and make it their permanent home. They have no other home, dwelling place, or place of abode,—in fact, no children are received or taken into the Home if they have any other home, and it does not appear from the record that any person or persons, other than the superintendent of the Home, has any control over them. The law requires such superintendent to keep those children in school throughout the school year, but does not require him to pay tuition nor make any provision for the payment of tuition. It is claimed by defendants that this imposes an unjust burden upon the school district. This may be true, but it is a matter to be dealt with by the legislature rather than the court.

In Grand Lodge Independent Order of Odd Fellows v. Board of Education, 90 W. Va. 8, 110 S. E. 440, 443, 48 A. L. R. 1092, the facts are essentially parallel to the

facts in this case and under a law in effect similar to our law held that: "The right to attend school is not limited to the place of the legal domicile. A residence, even for a temporary purpose * * * is sufficient to entitled children to attend school there." This court has put the same liberal construction on our school laws. Independent School Dist. No. 1 v. Bordewyk, 59 S. D. 559, 241 N. W. 619. And in our view the children living in the Bethesda Children's Home are entitled to attend school in the Beresford Independent School District No. 87 without paying tuition.

The judgment and order appealed from are affirmed.

All the Judges concur.